# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Civil Action No. _____

ANDREW ASTROVE, an individual,

    Plaintiff,

v.

JOHN DOE, an individual;

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff ANDREW ASTROVE, an individual (hereafter referred to as "Plaintiff"), by and through undersigned counsel, hereby sues Defendant JOHN DOE, an individual; for damages and equitable relief. As grounds therefor, Plaintiff alleges the following:

## PRELIMINARY STATEMENT

1. This action is brought by Plaintiff, a Florida citizen, who lost approximately One Million Four Hundred Thousand Dollars ($1,400,000.00) worth of cryptocurrency from a fraudulent investment scheme.

2. Defendant JOHN DOE played a material role in the scheme to steal Plaintiff's assets and, upon information and belief, currently possesses all or a significant portion of Plaintiff's stolen property.

3. As a result of Defendant's fraudulent behavior, Plaintiff has suffered grave economic harm for which he seeks compensatory relief and to recover his stolen assets.

## PARTIES, JURISDICTION AND VENUE

### THE PARTIES

#### Plaintiff

4. Plaintiff ANDREW ASTROVE is an individual domiciled in Boca Raton, Florida, is a citizen of the state of Florida, and is *sui juris*.

#### Defendant

5. Defendant JOHN DOE is an individual and, upon information and belief, is *sui juris*.

6. At all times material hereto, JOHN DOE has maintained -- and continues to maintain as of the date of this filing -- private cryptocurrency wallets and cryptocurrency exchange accounts in which JOHN DOE holds all or a portion of the cryptocurrency stolen from Plaintiff.

#### Other Liable Persons/Entities

7. In addition to Defendant JOHN DOE, there are likely other parties who may be liable to Plaintiff, but about whom Plaintiff currently lacks specific facts to permit him to name these persons or entities as party defendants. By not naming such persons or entities at this time, Plaintiff is not waiving his right to amend this pleading to add such parties, should the facts warrant adding such parties.

### JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and is an action between citizens of different states.

9. This Court has personal jurisdiction over Defendant because he or she committed a tort in this jurisdiction.

10. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391 because the causes of action accrued in this jurisdiction.

## GENERAL FACTUAL ALLEGATIONS

11. On or about January 22, 2022, Plaintiff was contacted by Defendant JOHN DOE on LinkedIn, an online professional networking and career development service. After exchanging some messages on LinkedIn, Plaintiff began engaging in conversations with Defendant on the messaging platform WhatsApp. Defendant directed their conversation to investing and whether Plaintiff traded any cryptocurrency. Defendant further said he could show Plaintiff how easy it was to make money with cryptocurrency.

12. Under Defendant's guidance, Plaintiff opened a cryptocurrency account at U.S.-based cryptocurrency exchange Coinbase, which Plaintiff funded with monies that were used to purchase cryptocurrency that was subsequently transferred to what Plaintiff believed was another cryptocurrency exchange, "MINE DIGITAL."

13. Plaintiff funded his Coinbase account with approximately One Million Four Hundred Thousand Dollars ($1,400,000.00); used those funds to purchase Tether[1], and then sent those Tether to an investment account allegedly created for Plaintiff that was overseen by Defendant JOHN DOE.

14. According to Defendant, the external investment account into which Plaintiff's Tether was being deposited was maintained at Australian cryptocurrency exchange Mine Digital.

15. Defendant provided Plaintiff Mine Digital's purported exchange website URL as: "MCWLEX.xyz" and instructed Plaintiff to set up his cryptocurrency account there.

---

[1] Tether (often abbreviated with the symbol "USDT") is a cryptocurrency hosted on the Ethereum and Bitcoin blockchains. It is categorized as a "stablecoin," because it was originally designed so that each coin would always be worth One Dollar ($1.00 USD). Thus, one USDT is worth roughly $1.00; and 1,400,000 USDT are worth roughly $1,400,000.00. Tether has one of the largest market caps, and is one of the most widely-circulated cryptocurrencies, in the world.

16. Upon information and belief, Mine Digital is a legitimate cryptocurrency exchange in Australia that facilitates the buying and selling of cryptocurrencies. However, it's website URL is: "minedigital.exchange," not "MCWLEX.xyz."

17. Upon further information and belief, Defendant cloned the real Mine Digital website so that his cloned copy would appear to be a legitimate cryptocurrency exchange. The cloned site to which Defendant directed Plaintiff was not legitimate, though; it served as an engine of theft for Defendant, providing him a mechanism to proffer Plaintiff false account statements and real-time values of cryptocurrency markets on legitimate exchanges that masked the fraudulent scheme Defendant was perpetrating upon Plaintiff.

18. In essence, the "Mine Digital account" to which Plaintiff was sending his cryptocurrency holdings was actually -- unbeknownst to Plaintiff -- Defendant's own private cryptocurrency address.

19. Through blockchain analytics tracing the path of Plaintiff's cryptocurrency assets, it has become apparent that Defendant has stolen all of Plaintiff's assets; and those assets have been transferred to cryptocurrency accounts under Defendant's sole control or have been liquidated into fiat currency and dissipated by Defendant.

20. For example, Plaintiff's stolen assets have been traced to the following cryptocurrency wallet addresses at cryptocurrency exchanges FTX, KRAKEN, OKX (OKEx), BINANCE, GATE.IO, and ZB.COM -- wallet addresses which are believed to be owned or controlled by Defendant or an unknown third-party to whom he has transferred those stolen assets and which have been used to launder the assets stolen from Plaintiff:

| # | EXCHANGE | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|---|
| 1. | FTX | e9d3aa47497e63d27916ec0947174e2f778581bb | USDT | 380,056.73823 USDT |
| 2. | Kraken | 57ae39494b91f947866b86d9655c0e7fdc093f14 | USDT | 169,304.42112 USDT |
| 3. | Bitfinex.com/ Crypto.com | d4dcd2459bb78d7a645aa7e196857d421b10d93f | USDT | 83,401.620357 USDT |
| 4. | OKX (OKEx) | 39243d72d9c26d26bd8317838908e7f2682af284 | USDT | 80,060.512581 USDT |
| 5. | Binance | 70fc0e221578f6d47f958cfa2bff1f9320bc6eec | USDT | 60,978.520990 USDT |
| 6. | FTX | ccfaedbcfe19f10607ce7f9b0d64295d979b606d | USDT | 38,726.667998 USDT |
| 7. | gate.io | 49b8229ddd86b47e6ebab43bd54b71e80aff3a0f | USDT | 18,910.227524 USDT |
| 8. | ZB.com | 15df4ca7b60d09f0070e4c42ef08031c73167686 | USDT | 5,908.5983 USDT |
| | | TOTAL | | **837,347.3072 USDT** |

21.   In addition to the foregoing, as of the date of this filing, blockchain analytics have traced Plaintiff's stolen funds to and/or through the following cryptocurrency wallet addresses (among others), which are believed to be owned or controlled by Defendant or an unknown third-party to whom he has transferred those stolen assets and which are believed to still be holding some of the assets stolen from Plaintiff:

| # | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|
| 1 | 431758befb274b88599401a1d7445dcb50c71122 | USDT | 11,721.149170 USDT |
| 2 | e7b36e1a636d31aa3d2e8918f80fecdb41f8cd6d | USDT | 7,704.7557322 USDT |

SILVER MILLER
4450 NW 126th Avenue - Suite 101 • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

| 3 | e0fe2b4c9f7d58a05b4a16b71ef8afb42557aef2 | USDT | 5,980.596504 USDT |
|---|---|---|---|
| 4 | 7b6d0d7a60f3b14f721195c0d289807e9dde9559 | USDT | 2,444.308878 USDT |
| | | TOTAL | 27,850.81028 USDT |

22. As a result of the misrepresentations and fraud perpetrated upon him, Plaintiff has suffered damages, including but not limited to:

(a) One Million Four Hundred Thousand Dollars ($1,400,000.00) in principal;

(b) Lost profits;

(c) Interest; and

(d) Costs and Expenses.

23. As a result of the actions described above, Plaintiff has suffered damages in an amount that will be proven at trial.

24. Plaintiff duly performed all of his duties and obligations; and any conditions precedent to Plaintiff bringing this action have occurred, have been performed, or else have been excused or waived.

25. To enforce his rights, Plaintiff has retained undersigned counsel and is obligated to pay counsel a reasonable fee for its services.

## COUNT I – FRAUDULENT INDUCEMENT

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 25 above, and further alleges:

26. Commencing in or about January 2022, Defendant JOHN DOE made multiple representations and statements to Plaintiff, including but not limited to the following:

(a) Plaintiff would be wise to invest funds in cryptocurrency;

(b) Defendant would help Plaintiff set up an account at "MINE DIGITAL" to facilitate Plaintiff's investments in cryptocurrency; and

(c) Plaintiff could safely manage or oversee the cryptocurrency assets Plaintiff would be purchasing;

27. While making the above-referenced representations to Plaintiff, Defendant JOHN DOE purposely withheld from him the following:

   (a) Defendant cloned the domain of "MINE DIGITAL's" website and gave Plaintiff a false link to set up an account under the new fraudulently created website;

   (b) Defendant would obstruct Plaintiff's efforts to recover his lost assets if anything should go wrong with Plaintiff's investments; and

   (c) Defendant was simply operating an investment scam aimed at stealing Plaintiff's funds.

28. Plaintiff relied on the above-listed material misrepresentations and omissions of material fact in deciding to entrust his funds to Defendant.

29. At the time Defendant made those representations to Plaintiff, Defendant knew of their falsity.

30. Contrary to the representations made to Plaintiff, Plaintiff could not safely manage or oversee the cryptocurrency assets in which he invested.

31. Defendant intended to induce Plaintiff into sending his funds to Defendant's control by making these material misrepresentations and omissions, thereby causing Plaintiff to rely upon those statements and omissions of material fact.

32. Plaintiff reasonably and justifiably relied on Defendant's statements and omissions of material facts.

33. As a direct and proximate result of Plaintiff's reliance on the statements and omissions of material facts made by Defendant, Plaintiff suffered damage.

WHEREFORE, Plaintiff ANDREW ASTROVE, an individual, demands entry of a judgment against Defendant JOHN DOE, an individual; for damages, including principal, interest, lost profits, expenses, and any other relief the Court deems proper.

## **COUNT II – NEGLIGENT MISREPRESENTATIONS**

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 25 above, and further alleges:

34. Commencing in or about January 2022, Defendant made multiple representations and statements to Plaintiffs, including but not limited to the following:

  (a) Plaintiff would be wise to invest funds in cryptocurrency;

  (b) Defendant would help Plaintiff set up an account at "MINE DIGITAL" to facilitate Plaintiff's investments in cryptocurrency; and

  (c) Plaintiff could safely manage or oversee the cryptocurrency assets Plaintiff would be purchasing;

35. While making the above-referenced representations to Plaintiff, Defendant purposely withheld from him the following:

  (a) Defendant cloned the domain of "MINE DIGITAL's" website and gave Plaintiff a false link to set up an account under the new fraudulently created website;

  (b) Defendant would obstruct Plaintiff's efforts to recover his lost assets if anything should go wrong with Plaintiff's investments; and

  (c) Defendant was simply operating an investment scam aimed at stealing Plaintiff's funds.

36. Plaintiff relied on the above-listed material misrepresentations and omissions of material fact in deciding to entrust his funds to Defendant.

37. At the time Defendant made those representations to Plaintiff, Defendant knew or should have known of their falsity.

38. Contrary to the representations made to Plaintiff, Plaintiff could safely manage or oversee the cryptocurrency assets in which he invested.

39. Defendant intended to induce Plaintiff into sending his funds to Defendant's control by making these material misrepresentations and omissions, thereby causing Plaintiff to rely upon those statements and omissions of material fact.

40. Plaintiff reasonably and justifiably relied on Defendant's statements and omissions of material facts.

41. As a direct and proximate result of Plaintiff's reliance on the statements and omissions of material facts made by Defendant, Plaintiff suffered damage.

WHEREFORE, Plaintiff ANDREW ASTROVE, an individual, demands entry of a judgment against Defendant JOHN DOE, an individual; for damages, including principal, interest, lost profits, expenses, and any other relief the Court deems proper.

### COUNT III – REPLEVIN

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 25 above, and further alleges:

42. This is an action to recover possession of personal property.

43. The property at issue is 1,322,510.573 USDT.

44. Upon information and belief, the U.S. Dollar equivalent value of the personal property as of the date of theft is approximately One Million Three Hundred Twenty-Two Thousand Five Hundred Ten Dollars and Fifty-Seven Cents ($1,322,510.57).

45. As of the date of this filing, the personal property at issue is believed to be stored in the Destination Addresses delineated above which are believed to be owned or controlled by Defendant or an unknown third-party to whom he has transferred those stolen assets.

46. Plaintiff owned and had the right to immediately possess the personal property -- not just a mere right to payment for the value of those cryptocurrencies -- that was taken from him.

47. JOHN DOE has intentionally exercised control, and continues to exercise control, over the cryptocurrencies in such a way as to exclude Plaintiff from using or possessing them.

48. The property has not been taken for any tax, assessment or fine pursuant to law, nor has it been taken under an execution or attachment against Plaintiff's property.

WHEREFORE, Plaintiff ANDREW ASTROVE, an individual, demands replevin of the property taken from Plaintiff that is currently held by Defendant JOHN DOE, an individual, in the Destination Addresses and thereby demands that the wrongfully obtained property be restored to Plaintiff.

**COUNT IV – CONVERSION**

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 25 above, and further alleges:

49. At all times material hereto, Plaintiff owned and had the right to immediately possess the cryptocurrency assets Defendant represented to him that he had placed in a MINE DIGITAL account -- not just a mere right to payment for the value of those assets -- that was taken from him and transferred to, *inter alia*, the accounts owned or controlled by Defendant or an unknown third-party to whom he has transferred those stolen assets.

50. When the cryptocurrency assets were deposited by Plaintiff into what he believed was his own cryptocurrency account at MINE DIGITAL but actually were deposited under false pretenses into a cryptocurrency wallet Defendant controlled, Defendant intentionally took possession of and assumed control over Plaintiff's assets.

51. Defendant has intentionally exercised control, and continues to exercise control, over Plaintiff's cryptocurrency assets in such a way as to exclude Plaintiff from using or possessing those assets.

52. Defendant knew the property he received was stolen or obtained in a manner constituting theft.

53. As such, Defendant wrongfully converted Plaintiff's cryptocurrency assets.

54. Defendant -- through actual fraud, misappropriation, conversion, theft, or other questionable means -- obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendant should not be permitted to hold.

55. The cryptocurrency assets at issue are specific, identifiable property and can be traced in assets of Defendant's account(s) at FTX, KRAKEN, OKX (OKEx), BINANCE, GATE.IO, and ZB.COM, and elsewhere.

56. As a direct and proximate result of the foregoing, Plaintiff suffered the wrongful conversion of personal property whose value exceeds Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff ANDREW ASTROVE, an individual, demands entry of a judgment against Defendant JOHN DOE, an individual; for damages, including principal, interest, lost profits, expenses, and any other relief the Court deems proper.

## COUNT V - UNJUST ENRICHMENT

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 25 above, and further alleges:

57. Plaintiff conferred a direct benefit upon Defendant JOHN DOE (albeit unwillingly so) by providing the extremely valuable cryptocurrency that Defendant stole from Plaintiff.

58. Defendant has knowledge of the benefit Plaintiff conferred upon him and has retained such benefit.

59. The circumstances under which Plaintiff conferred, and Defendant accepted, such benefit render Defendant's retention of the benefits inequitable.

60. Equity requires that Defendant return to Plaintiff the benefits he conferred upon Defendant.

WHEREFORE, Plaintiff ANDREW ASTROVE, an individual, demands entry of a judgment against Defendant JOHN DOE, an individual, for damages, including compensatory damages, punitive damages, interest, expenses, and any other relief the Court deems just and proper

## COUNT VI – IMPOSITION OF A CONSTRUCTIVE TRUST
## AND DISGORGEMENT OF FUNDS

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 25 above, and further alleges:

61. This is an action to impose a constructive trust upon the property taken from Plaintiff that is currently held by Defendant JOHN DOE in the Destination Addresses delineated above.

62. This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

63. As set forth above, Defendant JOHN DOE -- through actual fraud, misappropriation, conversion, theft, or other questionable means -- obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendant should not be permitted to hold.

64. The cryptocurrency assets at issue are specific, identifiable property and can be traced in assets of Defendant JOHN DOE's at the Destination Addresses and elsewhere.

65. Any and all assets being held by Defendant in the Destination Addresses must be held in trust for Plaintiff's benefit, as Defendant is not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

66. The 865,198.1175 USDT identified herein which are being held by JOHN DOE or his accomplices in the Destination Addresses must be disgorged to Plaintiff's benefit, as Defendant is not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

WHEREFORE, Plaintiff ANDREW ASTROVE, an individual, demands the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently held by Defendant JOHN DOE, an individual, in the Destination Addresses and elsewhere; and further demands that the wrongfully obtained property be restored to Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves his right to further amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against Defendant or other parties as may be warranted under the circumstances and as allowed by law.

Respectfully submitted,

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101
Coral Springs, Florida 33065
Telephone:     (954) 516-6000

By: _/s/ David Silver_
DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@SilverMillerLaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@SilverMillerLaw.com

*Counsel for Plaintiff Andrew Astrove*

Dated:   April 20, 2022