UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80614-RAR

**ANDREW ASTROVE**,

    Plaintiff,

v.

**JOHN DOE**,

    Defendant.
_____/

### ORDER GRANTING PLAINTIFF'S *EX PARTE* EMERGENCY MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** comes before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order Without Notice against Defendant JOHN DOE [ECF No. 3] ("Motion"). As explained below, after careful review of the Motion and Plaintiff's Declaration [ECF No. 3-1], Plaintiff has satisfied the requirements for the issuance of a temporary restraining order.

### BACKGROUND

Under Defendant's guidance, Plaintiff opened a cryptocurrency account at U.S.-based cryptocurrency exchange Coinbase, which Plaintiff funded with monies that were used to purchase cryptocurrency that was subsequently transferred to what Plaintiff believed was another cryptocurrency exchange, "MINE DIGITAL." Plaintiff funded his Coinbase account with approximately One Million Four Hundred Thousand Dollars ($1,400,000.00); used those funds to purchase Tether[1], and then sent those Tether to an investment account allegedly created for Plaintiff that was overseen by Defendant JOHN DOE.

---

[1] Tether (often abbreviated with the symbol "USDT") is a cryptocurrency hosted on the Ethereum and Bitcoin blockchains. It is categorized as a "stablecoin," because it was originally designed so that each

According to Defendant, the external investment account into which Plaintiff's Tether was being deposited was maintained at Australian cryptocurrency exchange Mine Digital.  Defendant provided Plaintiff Mine Digital's purported exchange website URL as: "MCWLEX.xyz" and instructed Plaintiff to set up his cryptocurrency account there.   As Plaintiff later learned, the correct website URL for Mine Digital is "minedigital.exchange," not "MCWLEX.xyz."

Evidence in the record suggests Defendant cloned the real Mine Digital website so that his cloned copy would appear to be a legitimate cryptocurrency exchange.  The cloned site to which Defendant directed Plaintiff was not legitimate, though; it served as an engine of theft for Defendant, providing him a mechanism to proffer Plaintiff false account statements and real-time values of cryptocurrency markets on legitimate exchanges that masked the fraudulent scheme Defendant was perpetrating upon Plaintiff.  In essence, the "Mine Digital account" to which Plaintiff was sending his cryptocurrency holdings was actually — unbeknownst to Plaintiff — Defendant's own private cryptocurrency address.

Through blockchain analytics tracing the path of Plaintiff's cryptocurrency assets, it has become apparent that Defendant has stolen all of Plaintiff's assets; and those assets have been transferred to cryptocurrency accounts under Defendant's sole control or have been liquidated into fiat currency and dissipated by Defendant.

For example, Plaintiff's stolen assets have been traced to the following cryptocurrency wallet addresses at cryptocurrency exchanges FTX, KRAKEN, OKX (OKEx), BINANCE, GATE.IO, and ZB.COM — wallet addresses which are believed to be owned or controlled by

---

coin would always be worth One Dollar ($1.00 USD).  Thus, one USDT is worth roughly $1.00; and 1,400,000 USDT are worth roughly $1,400,000.00.  Tether has one of the largest market caps, and is one of the most widely-circulated cryptocurrencies, in the world.

Defendant or an unknown third-party to whom he has transferred those stolen assets, and which have been used to launder the assets stolen from Plaintiff:

| # | EXCHANGE | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|---|
| 1. | FTX | e9d3aa47497e63d27916ec0947174e2f778581bb | USDT | 380,056.73823 USDT |
| 2. | Kraken | 57ae39494b91f947866b86d9655c0e7fdc093f14 | USDT | 169,304.42112 USDT |
| 3. | Bitfinex.com /Crypto.com | d4dcd2459bb78d7a645aa7e196857d421b10d93f | USDT | 83,401.620357 USDT |
| 4. | OKX (OKEx) | 39243d72d9c26d26bd8317838908e7f2682af284 | USDT | 80,060.512581 USDT |
| 5. | Binance | 70fc0e221578f6d47f958cfa2bff1f9320bc6eec | USDT | 60,978.520990 USDT |
| 6. | FTX | ccfaedbcfe19f10607ce7f9b0d64295d979b606d | USDT | 38,726.667998 USDT |
| 7. | gate.io | 49b8229ddd86b47e6ebab43bd54b71e80aff3a0f | USDT | 18,910.227524 USDT |
| 8. | ZB.com | 15df4ca7b60d09f0070e4c42ef08031c73167686 | USDT | 5,908.5983 USDT |
| | | | TOTAL | 837,347.3072 USDT |

In addition to the foregoing, as of the date of this filing, blockchain analytics have traced Plaintiff's stolen funds to and/or through the following cryptocurrency wallet addresses (among others), which are believed to be owned or controlled by Defendant or an unknown third-party to whom he has transferred those stolen assets, and which are believed to still be holding some of the assets stolen from Plaintiff:

| # | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|
| 1 | 431758befb274b88599401a1d7445dcb50c71122 | USDT | 11,721.149170 USDT |
| 2 | e7b36e1a636d31aa3d2e8918f80fecdb41f8cd6d | USDT | 7,704.7557322 USDT |
| 3 | e0fe2b4c9f7d58a05b4a16b71ef8afb42557aef2 | USDT | 5,980.596504 USDT |
| 4 | 7b6d0d7a60f3b14f721195c0d289807e9dde9559 | USDT | 2,444.308878 USDT |
|   |   | TOTAL | 27,850.81028 USDT |

As a result of the foregoing scheme, Plaintiff has lost approximately One Million Four Hundred Thousand Dollars ($1,400,000.00) and is left trying to get answers to help him uncover where his funds are or where they went after they were stolen by JOHN DOE.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, a Court may grant a temporary restraining order *ex parte*. As required by the Rule, specific facts in the form of an affidavit or Verified Complaint must demonstrate an "immediate and irreparable injury, loss, or damage will result to movant before the adverse party can be heard in opposition," and the attorney for the movant must certify in writing any efforts made to provide notice to the adverse party. *See* Fed. R. Civ. P. 65(b)(1). Any Order issued without notice to the adverse party must state "the date and hour it was issued; describe the injury and state why it is irreparable; state why the Order was issued without notice and be promptly filed in the Clerk's Office and entered in the record. The Order expires at a time after entry — not to exceed fourteen (14) days." *Id*. at (b)(2).

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

## **ANALYSIS**

Plaintiff has shown a strong likelihood of success on the merits of his claims against Defendant JOHN DOE for: (1) fraudulent inducement, (2) negligent misrepresentation, (3) replevin, (4) conversion, and (5) unjust enrichment as well as for imposition of a constructive trust and disgorgement of funds held by JOHN DOE in the aforementioned Destination Addresses to which JOHN DOE transferred any portion of the funds purportedly stolen from Plaintiff. Specifically, in light of the foregoing facts, Plaintiff is entitled to a temporary restraining order freezing Defendant JOHN DOE's assets — including the Destination Addresses maintained by Defendant JOHN DOE, for him, or by any entity under his control — to preserve the *status quo ante* pending the outcome of this litigation.

The cryptocurrency assets at issue are specific, identifiable property and can be traced in JOHN DOE's assets in the Destination Addresses or elsewhere. Plaintiff has established in his Motion and the Declaration in support thereof that Plaintiff's rights will be immediately and

irreparably harmed absent a temporary restraining order from this Court. Without entry of the temporary restraining order, Plaintiff may be unable to recover for his equitable claims.

Moreover, considering the speed with which cryptocurrency transactions are made as well as the anonymous nature of those transactions, it is imperative to freeze the Destination Addresses to maintain the *status quo* to avoid dissipation of the money illegally taken from Plaintiff. Plaintiff was victimized by the theft of his cryptocurrency assets, and it appears from the record that JOHN DOE has no right to claim either possession or ownership of Plaintiff's stolen assets. Therefore, there is a high likelihood Plaintiff will succeed on his claims.

The balance of hardships also favors Plaintiff because a temporary restraining order would preserve the *status quo ante* and prevent irreparable harm until such time as the Court may hold a hearing. Entry of a temporary restraining order will also not harm the public interest, which is properly served by promoting the objectives of the Financial Crimes Enforcement Network [FinCEN] (a division of the U.S. Department of the Treasury) and providing assurance that courts will protect investors' assets from theft and will aid investors in their recovery of stolen assets when they can be readily located and traced to specific locations, like the purloined assets in this action.

Lastly, because of the apparent strength of Plaintiff's case, the Court concludes that Plaintiff need only provide a modest amount of security pursuant to Fed. R. Civ. P. 65(c) at this time.

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 3] is **GRANTED**. A temporary restraining order is entered as follows:

1. Defendant JOHN DOE and his agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which he/they act or who act in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, are hereby temporarily restrained from withdrawing, transferring, or encumbering any assets currently held by, for, or on behalf of Defendant JOHN DOE or any business entity through which he acts or which acts in active concert or participation with him; including but not limited to those assets currently held in: (1) the Destination Addresses; (2) any account at any other financial institution, bank, trading exchange, or investment firm; and (3) any cryptocurrency wallet or cryptocurrency trading account they maintain or control anywhere other than in the Destination Addresses.

2. Notice was not provided to Defendant JOHN DOE prior to entry of this Order because his identity is presently unknown to Plaintiff. The Court will separately consider a request from Plaintiff to engage in expedited discovery through which Plaintiff intends to obtain from the recipient cryptocurrency exchanges listed above Defendant JOHN DOE's identity, including a physical and/or electronic address at which Defendant JOHN DOE can be contacted about the claims asserted against him in this lawsuit.

3. Pursuant to Fed. R. Civ. P. 65(c), which requires that security must typically be posted by Plaintiff, the Court has determined that One Thousand Dollars ($1,000.00) is adequate to pay the costs and damages, if any, sustained by any party found to have been wrongfully enjoined or restrained by this Order. Therefore, pursuant to Fed. R. Civ. P. 65, Plaintiff shall — within ten (10) calendar days of this Order — post a bond in the amount of One Thousand Dollars

($1,000.00) to secure this Order. In lieu of a bond, Plaintiff may post cash or its equivalent with the Clerk of Court.

4. Upon a showing of good cause by any party-of-interest, the Court may enter a further order amending the amount of Plaintiff's bond requirement as a means of providing a source of funds to which Defendant JOHN DOE may be entitled for a wrongful injunction or restraint.

5. **A telephonic hearing is set before this Court on Tuesday, May 3, 2022, at 10:00 A.M., at which time Defendant and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction. The parties are instructed to call 1- 877-402-9753 by no later than 9:55 A.M. The access code is 9372453 and the password is 0918. The Court requires that the Parties appear via a landline if possible (i.e. not a cellular phone or a speaker phone) for clarity.**

6. Defendant JOHN DOE shall file with the Court and serve on Plaintiff's counsel any answering affidavits, pleadings, motions, expert reports or declarations and/or legal memoranda no later than five (5) days prior to the hearing for preliminary injunction.

7. If Defendant JOHN DOE timely files with the Court any papers opposing entry of a preliminary injunction, Plaintiff may file with the Court responsive or supplemental pleadings, materials, affidavits, or memoranda and shall serve same on Defendant JOHN DOE or his counsel-of-record no later than two (2) days prior to the preliminary injunction hearing.

8. Defendant JOHN DOE is hereby on notice that failure to timely serve and file his opposition, or failure to appear at the hearing, may result in the imposition of a preliminary injunction against him pursuant to Fed. R. Civ. P. 65.

9. This Temporary Restraining Order will expire fourteen (14) days from its entry in accordance with Fed. R. Civ. P. 65(b)(2) unless, for good cause shown, this Order is extended or Defendant JOHN DOE consents that it should be extended for a longer period of time. However, the Court may, upon demonstration of good cause by any party-of-interest, shorten or lift this Order.

10. As soon as is practical upon learning from the Recipient Cryptocurrency Exchanges Defendant JOHN DOE's true identity and obtaining his contact information, Plaintiff shall forthwith serve a copy of the Complaint, Motion, and this Order on Defendant JOHN DOE by U.S. First Class Mail, overnight delivery, facsimile, electronic mail, or personally by agents or employees of Plaintiff, by private process server, upon any person or entity that may have possession or control of any property, property right, funds, or asset that may be subject to any provision of this Order.

11. The above dates may be revised upon stipulation by all parties and approval of this Court.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of April, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of record