# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 9:22-cv-80614-RAR**

ANDREW ASTROVE, an individual,

    Plaintiff,

v.

JOHN DOE, an individual;

    Defendant.

_____/

## MOTION TO MODIFY AND EXTEND TEMPORARY RESTRAINING ORDER AND MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING

Plaintiff ANDREW ASTROVE, an individual ("Plaintiff"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 7 as well as Local Rule 7.1, hereby respectfully requests this Court: (1) modify the Temporary Restraining Order (TRO) entered on April 22, 2022 against Defendant JOHN DOE, an individual, (2) extend by fourteen days -- through and including May 20, 2022 -- the TRO; and (3) continue until May 20, 2022 the preliminary injunction hearing presently scheduled to take place before the Court on May 3, 2022.

In support of his requests, Plaintiff states as follows:

1.    Plaintiff is a Florida resident who lost approximately One Million Four Hundred Thousand Dollars ($1,400,000.00) worth of cryptocurrency in a sophisticated online investment scheme perpetrated by Defendant JOHN DOE, an individual.[1]

2.    After gaining Plaintiff's confidence and inducing Plaintiff into a cryptocurrency investment plan, JOHN DOE duped Plaintiff into depositing his cryptocurrency portfolio holdings into what Plaintiff was led to believe was an account maintained at Australian cryptocurrency exchange

---

[1] Docket Entry No. ("DE") 1 [Complaint] at ¶ 1.

Civil Action No. 9:22-cv-80614-RAR

Mine Digital when it was actually -- unbeknownst to Plaintiff -- Defendant's own private cryptocurrency address.[2]

3. Plaintiff commenced this lawsuit against JOHN DOE on April 20, 2022.

4. On April 22, 2022, upon reviewing the file and considering the evidence presented by Plaintiff, the Court entered against JOHN DOE a Temporary Restraining Order freezing certain Destination Addresses (defined and identified in the TRO) to which cryptographic tracing had traced the path of the digital assets stolen from Plaintiff (the "April 22, 2022 TRO") [DE 4].

5. Plaintiff has informally been working to obtain -- and will shortly request from the Court in a formal motion the ability to propound expedited discovery to obtain -- from the cryptocurrency exchanges at which some of the Destination Addresses are maintained documents identifying JOHN DOE (*e.g.*, name, physical address, mailing/contact address) so Plaintiff can properly name him in this lawsuit and provide him due notice before requesting that the Court issue preliminary or permanent injunctive relief.

6. As of the date of this motion, Plaintiff's undersigned counsel is still working with those cryptocurrency exchanges to gather the documents and information that assist in identifying JOHN DOE, whose true identity is still unknown to Plaintiff.

7. In addition, undersigned counsel's discussions with representatives of the cryptocurrency exchanges and certain interested third-party interest holders have led Plaintiff to agree to modify his request for a freeze of *all* assets in the Destination Addresses to a freeze of simply the amounts/assets specifically identified in Plaintiff's Complaint.[3]

8. In light of the foregoing and the ongoing effort to identify JOHN DOE and bring him in front of this Court to defend himself before any preliminary or permanent injunctive relief

---

[2] Complaint at ¶¶ 11-18.
[3] Complaint at ¶¶ 20-21.

SILVER MILLER
4450 NW 126th Avenue - Suite 101 • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

Civil Action No. 9:22-cv-80614-RAR

issues, Plaintiff respectfully requests that the Court extend by fourteen (14) days -- through and including May 20, 2022 -- a narrowed modification of the April 22, 2022 TRO, which would maintain the *status quo* for two additional weeks and provide Plaintiff additional time to obtain from the relevant non-parties JOHN DOE's identifying information.

9.  Additionally, Plaintiff respectfully requests that the Court continue until May 20, 2022 the preliminary injunction hearing presently scheduled to take place before the Court on May 3, 2022. By rescheduling the hearing, the Court will afford Plaintiff additional time to identify, and bring before the Court, JOHN DOE in an effort to best comply with Fed.R.Civ.P. 65(a)(1) before the Court evaluates Plaintiff's request for any preliminary or permanent injunctive relief.

For the foregoing reasons, Plaintiff ANDREW ASTROVE respectfully requests that this Honorable Court:

> (1) modify the freeze of *all* assets in the Destination Addresses to a freeze of simply the amounts/assets specifically identified in Plaintiff's Complaint - Paragraphs 20-21.
>
> (2) extend by fourteen days -- through and including May 20, 2022 -- the Temporary Restraining Order (TRO) entered on April 22, 2022 against Defendant JOHN DOE;
>
> (3) continue until May 20, 2022 the preliminary injunction hearing presently scheduled to take place before the Court on May 3, 2022; and
>
> (4) enter any other and further relief the Court deems just and proper.

Civil Action No. 9:22-cv-80614-RAR

Respectfully submitted,

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101
Coral Springs, Florida 33065
Telephone: (954) 516-6000

By: _____
  DAVID C. SILVER
  Florida Bar No. 572764
  E-mail: DSilver@SilverMillerLaw.com
  JASON S. MILLER
  Florida Bar No. 072206
  E-mail: JMiller@SilverMillerLaw.com

 - and -

ERIC F. ROSENBERG [*Pro Hac Vice* - DE 7]
E-mail: ERosenberg@SilverMillerLaw.com
**SILVER MILLER**
5400 Kenilworth Avenue
Riverdale, Maryland 20737
Telephone: (240) 516-6000

*Counsel for Plaintiff Andrew Astrove*

Dated: May 2, 2022