# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 9:22-cv-80614-RAR**

ANDREW ASTROVE, an individual,

    Plaintiff,

v.

JOHN DOE, an individual;

    Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

**THIS MATTER** having been brought before the Court upon the motion filed by Plaintiff ANDREW ASTROVE, an individual ("Plaintiff"), for entry of an Order permitting Plaintiff to engage in expedited discovery from any relevant third-parties, including but not limited to the Recipient Cryptocurrency Exchanges (defined below), to enable Plaintiff to secure documents and information pertaining to Defendant JOHN DOE, an individual ("JOHN DOE") -- who is alleged to have possessed and/or stolen from Plaintiff millions of dollars worth of cryptocurrency belonging to Plaintiff -- on the issues raised by Plaintiff in his Complaint[1] and with regard to possibly extending into a preliminary or permanent injunction the April 22, 2022 Temporary Restraining Order (TRO) entered by the Court *without* notice against JOHN DOE[2] and subsequently modified by the Court[3]; and the Court having considered the moving papers, having heard argument of counsel; and having been otherwise duly advised in the circumstances surrounding the motion; and for good cause shown; it is

    **ORDERED AND ADJUDGED** as follows:

---

[1] Docket Entry No. ("DE") 1.

[2] DE 4.

[3] DE 12.

Order Granting Plaintiff's Motion for Expedited Discovery
Civil Action No. 9:22-cv-80614-RAR

(1) The Motion for Expedited Discovery [DE ___] is hereby **GRANTED**.

(2) Within ten (10) days of being served with a subpoena pursuant to this Order, each Recipient Cryptocurrency Exchange identified below:

| # | EXCHANGE | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|---|
| 1. | FTX | e9d3aa47497e63d27916ec0947174e2f778581bb | USDT | 380,056.73823 USDT |
| 2. | Kraken | 57ae39494b91f947866b86d9655c0e7fdc093f14 | USDT | 169,304.42112 USDT |
| 3. | Bitfinex.com/ Crypto.com | d4dcd2459bb78d7a645aa7e196857d421b10d93f | USDT | 83,401.620357 USDT |
| 4. | OKX (OKEx) | 39243d72d9c26d26bd8317838908e7f2682af284 | USDT | 80,060.512581 USDT |
| 5. | Binance | 70fc0e221578f6d47f958cfa2bff1f9320bc6eec | USDT | 60,978.520990 USDT |
| 6. | FTX | ccfaedbcfe19f10607ce7f9b0d64295d979b606d | USDT | 38,726.667998 USDT |
| 7. | gate.io | 49b8229ddd86b47e6ebab43bd54b71e80aff3a0f | USDT | 18,910.227524 USDT |
| 8. | ZB.com | 15df4ca7b60d09f0070e4c42ef08031c73167686 | USDT | 5,908.5983 USDT |
| | | | TOTAL | **837,347.3072 USDT** |

shall produce to Plaintiff the following documents for all accounts bearing the signatory authority of, in the name of, and/or in the name of any individual or entity believed to be controlled by or acting in concert with JOHN DOE from January 1, 2019 through the present date:

(a) All documents regarding, reflecting, recording, or memorializing account opening and closing, including JOHN DOE's actual legal name, all proofs of identification (such as government-issued photo ID), date of birth, Social Security Number, telephone number, electronic mail address, residential/mailing address, and Know Your Customer ("KYC") and Anti-Money Laundering ("AML") information compiled by <<*YOUR EXCHANGE*>>.

(b) All documents regarding, reflecting, recording, or memorializing transactions, funding, registered funding sources (*i.e.*, bank accounts or other sources of funding tied to JOHN DOE's account[s]), and account holdings, including but not limited to transactions into or out of the following wallet address: _____ (the "Wallet Address").

(c) All transactional logs for all activity in JOHN DOE's <<EXCHANGE>> account(s), including but not limited to all holding pages, trade confirmations, beginning balance, all trades (whether initiated by JOHN DOE or someone else) or trade orders (whether executed or unexecuted), all date/time stamps for each trade, date/time stamps showing when each trade was filled (as applicable), account balance following each executed trade, the ending balance, and the names and public addresses of all counterparties to each trade.

(d) All documents regarding, reflecting, recording, or memorializing any suspicion or belief held by <<YOUR EXCHANGE>> that the JOHN DOE account at <<YOUR EXCHANGE>> to which the Wallet Address is linked was linked to or associated with any other <<EXCHANGE>> account(s).

(e) Correspondence exchanged by and between <<YOUR EXCHANGE>> and JOHN DOE.

(f) Correspondence exchanged by and between <<YOUR EXCHANGE>> and any third-party concerning or relating to JOHN DOE. NOTE: The requested correspondence is not to include any Suspicious Activity Reports (SARs) filed by <<YOUR EXCHANGE>> with any governmental regulator or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed

(3) Additionally, once a Recipient Cryptocurrency Exchange has identified the accountholder to whom Plaintiff's stolen funds flowed, the accountholder would be asked to provide the following to demonstrate the accountholder is a bona fide purchaser in good faith and not JOHN DOE himself:

> All documents and information, including but not limited to: (i) Transactional IDs related to the accountholder's acquisition of the cryptocurrency in question; and (ii) information in his/her possession identifying the seller from whom he/she acquired the tainted cryptocurrency in question -- showing how the cryptocurrency was obtained, from whom the cryptocurrency was obtained, and the payment records for his/her acquisition of the tainted cryptocurrency.

(4) To the extent any objection to a discovery request must be ruled upon by the Court, the Court will address the matter as soon as it is feasible to do so and reserves its ability to re-visit this schedule and make adjustments to the deadlines as the Court deems necessary.

(5) Plaintiff is hereby authorized to serve upon any non-party to this action (by hand-delivery, U.S. Mail, private postal carrier [*e.g.*, FedEx or UPS], electronic mail, or any other adequate

Order Granting Plaintiff's Motion for Expedited Discovery
Civil Action No. 9:22-cv-80614-RAR

method reasonably calculated under the circumstances to afford the non-party an opportunity to present his/her/its response and objections) a subpoena for documents or testimony relating to the issues set forth above. Due to the exigent nature of the circumstances of this case, any non-party subpoenaed to produce documents shall make his/her/its document production within ten (10) days of the date of his/her/its receipt of the subpoena.

(6)     Furthermore, any privacy interest that Defendant JOHN DOE has concerning the documents and information requested by a non-party subpoena are outweighed by the need to prosecute the theft and conversion alleged in the Complaint in this lawsuit; and those privacy concerns shall not be a just cause for the subpoenaed non-party to withhold such requested documents and information.

(7)     Any non-party subpoena served by Plaintiff under this Order shall bear a message akin to the following:

> **Having been duly advised in the circumstances surrounding this lawsuit and for good cause shown, United States District Judge Rodolfo A. Ruiz II ruled that, due to the exigent nature of the circumstances of this case, any non-party subpoenaed to produce documents shall make his/her/its document production within ten (10) days of the date of his/her/its receipt of the subpoena.**
>
> **Additionally, Judge Ruiz ruled that any privacy interest that Defendant JOHN DOE has concerning the documents and information requested by a non-party subpoena are outweighed by the need to prosecute the theft and conversion alleged in the Complaint in this lawsuit; and those privacy concerns shall not be a just cause for the subpoenaed non-party to withhold such requested documents and information.**

**DONE and ORDERED** in Chambers in Fort Lauderdale, Florida, this ____ day of May 2022.

_____
HONORABLE RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

cc: all parties and counsel of record