# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 9:22-cv-80614-RAR**

ANDREW ASTROVE, an individual,

    Plaintiff,

v.

JOHN DOE, an individual;

    Defendant.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO ELECTRONICALLY SERVE NON-PARTY SUBPOENAS ABROAD

Plaintiff ANDREW ASTROVE, an individual ("Plaintiff"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 7 and 45 as well as Local Rule 7.1, hereby respectfully requests this Court permit Plaintiff to effectuate electronic service of subpoenas upon non-U.S.-resident third-party witnesses in this matter: one of whom is purportedly based in Hong Kong; and one of whom is purportedly based in Singapore (collectively, the "Foreign FTX Witnesses"). In further support of his motion, Plaintiff states as follows:

1.  Plaintiff is a Florida resident who lost approximately One Million Four Hundred Thousand Dollars ($1,400,000.00) worth of cryptocurrency in a sophisticated online investment scheme perpetrated by Defendant JOHN DOE, an individual.[1]

2.  After gaining Plaintiff's confidence and inducing Plaintiff into a cryptocurrency investment plan, JOHN DOE duped Plaintiff into depositing his cryptocurrency portfolio holdings into what Plaintiff was led to believe was an account maintained at Australian cryptocurrency exchange

---

[1] Docket Entry No. ("DE") 1 [Complaint] at ¶ 1.

Civil Action No. 9:22-cv-80614-RAR

Mine Digital when it was actually -- unbeknownst to Plaintiff -- Defendant's own private cryptocurrency address.[2]

3. Plaintiff commenced this lawsuit against JOHN DOE on April 20, 2022. [DE 1].

4. On April 22, 2022, upon reviewing the file and considering the evidence presented by Plaintiff, the Court entered against JOHN DOE a Temporary Restraining Order (TRO) freezing the following Destination Addresses to which cryptographic tracing had traced the path of the digital assets stolen from Plaintiff (the "April 22, 2022 TRO") [DE 4]:

| # | EXCHANGE | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|---|
| 1. | FTX | e9d3aa47497e63d27916ec0947174e2f778581bb | USDT | 380,056.73823 USDT |
| 2. | Kraken | 57ae39494b91f947866b86d9655c0e7fdc093f14 | USDT | 169,304.42112 USDT |
| 3. | Bitfinex.com/ Crypto.com | d4dcd2459bb78d7a645aa7e196857d421b10d93f | USDT | 83,401.620357 USDT |
| 4. | OKX (OKEx) | 39243d72d9c26d26bd8317838908e7f2682af284 | USDT | 80,060.512581 USDT |
| 5. | Binance | 70fc0e221578f6d47f958cfa2bff1f9320bc6eec | USDT | 60,978.520990 USDT |
| 6. | FTX | ccfaedbcfe19f10607ce7f9b0d64295d979b606d | USDT | 38,726.667998 USDT |
| 7. | gate.io | 49b8229ddd86b47e6ebab43bd54b71e80aff3a0f | USDT | 18,910.227524 USDT |
| 8. | ZB.com | 15df4ca7b60d09f0070e4c42ef08031c73167686 | USDT | 5,908.5983 USDT |
| | | | TOTAL | 837,347.3072 USDT |

| # | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|
| 1 | 431758befb274b88599401a1d7445dcb50c71122 | USDT | 11,721.149170 USDT |

---

[2] Complaint at ¶¶ 11-18.

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101 • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

| 2 | e7b36e1a636d31aa3d2e8918f80fecdb41f8cd6d | USDT | 7,704.7557322 USDT |
|---|---|---|---|
| 3 | e0fe2b4c9f7d58a05b4a16b71ef8afb42557aef2 | USDT | 5,980.596504 USDT |
| 4 | 7b6d0d7a60f3b14f721195c0d289807e9dde9559 | USDT | 2,444.308878 USDT |
| | | TOTAL | 27,850.81028 USDT |

5. On May 3, 2022, the Court modified and extended the TRO through May 20, 2022 [DE 12]; which it further extended through June 3, 2022 upon a further application by Plaintiff for such an extension. [DE 17].

6. On May 13, 2022, the Court granted Plaintiff's request to propound expedited discovery to, *inter alia*, obtain from non-parties documents and information potentially identifying JOHN DOE (*e.g.*, name, physical address, mailing/contact address) so Plaintiff can properly name him in this lawsuit and provide him due notice before requesting that the Court issue preliminary or permanent injunctive relief. [DE 14].

7. As part of the Court's Order, the Court authorized Plaintiff to ask identified individual accountholders to provide the following "*to demonstrate the accountholder is a bona fide purchaser in good faith and not JOHN DOE himself*":

> *All documents and information, including but not limited to: (i) Transactional IDs related to the accountholder's acquisition of the cryptocurrency in question; and (ii) information in his/her possession identifying the seller from whom he/she acquired the tainted cryptocurrency in question — showing how the cryptocurrency was obtained, from whom the cryptocurrency was obtained, and the payment records for his/her acquisition of the tainted cryptocurrency.*

8. Plaintiff promptly served those discovery requests upon certain non-party individuals and cryptocurrency exchanges to gather the documents and information that assist in identifying JOHN DOE, whose true identity is still unknown to Plaintiff.

9. As a result of those efforts, Plaintiff has identified three non-U.S. resident accountholders who either might be JOHN DOE himself or who received from JOHN DOE the assets stolen from Plaintiff.

| Alvin Ong Yangyao (Singapore) | | | | |
|---|---|---|---|---|
| 1. | FTX | e9d3aa47497e63d27916ec0947174e2f778581bb | USDT | 380,056.73823 USDT |

| Trans Galactic Trading (Dubai, United Arab Emirates) | | | | |
|---|---|---|---|---|
| 2. | Kraken | 57ae39494b91f947866b86d9655c0e7fdc093f14 | USDT | 169,304.42112 USDT |

| Ka Ho Hung (Hong Kong) | | | | |
|---|---|---|---|---|
| 6. | FTX | ccfaedbcfe19f10607ce7f9b0d64295d979b606d | USDT | 38,726.667998 USDT |

10. All three of these non-U.S. resident accountholders have received notice of the TRO. All three have asked that their cryptocurrency accounts be unlocked except for the assets identified as part of Plaintiff's claim while the three accountholders are afforded an opportunity to establish their right to possess the assets in question. Undersigned counsel has agreed to that request and has narrowed the aim of the asset freeze for those three accountholders to solely those assets-in-question while this process moves forward.

11. As of the date of this motion, none of the three non-U.S. resident accountholders has provided satisfactory information establishing that any of them is a bona fide purchaser in good faith entitled to possess the assets-in-question and identified as the "Assets Under Claim" in Plaintiff's filings.

12. Collectively, Alvin Ong Yangyao and Ka Ho Hung are referred to herein as the "Foreign FTX Witnesses."

13. To obtain from the Foreign FTX Witnesses the information already authorized by the Court, Plaintiff must serve upon them subpoenas.[3]

---

[3] A subpoena has already been served upon Trans Galactic Trading through its counsel, who has agreed to accept service. Counsel for the undersigned and counsel for Trans Galactic Trading are already conferring with one another in good faith about the adequacy of Trans Galactic Trading's response to the subpoena.

14. Because the TRO is only valid for a limited period of time -- and because the Court has scheduled for June 3, 2022 a hearing at which the Court will consider expanding the TRO into a preliminary or permanent injunction -- serving subpoenas upon the Foreign FTX Witnesses through standard means would be far too time-consuming to meet the exigent needs of this proceeding.

15. Serving the subpoenas upon the Foreign FTX Witnesses through the electronic mail addresses they have registered to their cryptocurrency accounts would be far better suited for the circumstances of the instant matter. Electronic service does not offend the native laws of either Hong Kong or Singapore; and such electronic service comports with due process in an effort to best comply with Fed.R.Civ.P. 65(a)(1) before the Court evaluates Plaintiff's request for any preliminary or permanent injunctive relief.

16. For these reasons, as set forth in detail below, Plaintiff respectfully requests that the Court grant this Motion.

## PLAINTIFFS SHOULD BE PERMITTED TO SERVE THE FOREIGN FTX WITNESSES ELECTRONICALLY

17. There would be no prejudice to the Foreign FTX Witnesses allowing for alternative service to their last known electronic addresses.

18. The proposed method of service is the fastest constitutionally-adequate method and the most likely and most reasonably certain means by which to provide notice to the Foreign FTX Witnesses of requests for documents to be propounded upon them in this action and afford them an opportunity to present their responses to those requests.

## 28 U.S.C. § 1783 and Rule 4(f)(3) Authorize Court-Ordered Service by Any Means Not Prohibited by International Agreement

19. Pursuant to Fed.R.Civ.P. 45(b): "28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country."

20. According to 28 U.S.C. § 1783(b) ("Subpoena of person in foreign country"):

> **Service of the subpoena** and any order to show cause, rule, judgment, or decree authorized by this section or by section 1784 of this title **shall be effected in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country.**

(emphasis added).

21. Federal Rule of Civil Procedure 4(f) dictates how process is to be served upon a person in a foreign country.

22. Rule 4(f)(3) of the Federal Rules of Civil Procedure provides that "an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders."

23. Service under Rule 4(f)(3) is "neither a last resort nor extraordinary relief." *Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). To the contrary, "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)" and "the advisory notes indicate the availability of alternate service of process under Rule 4(f)(3) without first attempting service by other means." *Id.* **Of particular relevance here, "the advisory notes suggest that in cases of 'urgency,' Rule 4(f)(3) may allow the district court to order a 'special method of service,' even if other methods of service remain incomplete or unattempted."** *Id.*, *see also*, *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 563 (C.D. Cal. 2012) ("A plaintiff need not pursue other methods of service before requesting that the court authorize an alternative method under Rule 4(f)(3)."); *Williams-Sonoma, Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) ("Although . . . a plaintiff must obtain court approval before attempting to effect service [under] Rule 4(f)(3) before service will be considered effective, a plaintiff is not first required to attempt service under Rule 4(f)(1) or Rule 4(f)(2).").

### Electronic Service Has Been Authorized by this Court On Numerous Occasions

24. Service via the proposed methods has been approved by this Court and others on multiple occasions as valid and appropriate methods of service. *See*, *Leidel, et al. v. Project Investors, Inc.*,

- 6 -

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101 • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

Case No. 9:16-cv-80060-KAM (S.D. Fla. March 29, 2016) (approving service by e-mail; "The service authorized by this order will provide Defendants with sufficient notice and opportunity to be heard in this case."); *Tracfone Wireless, Inc. v. Hernandez*, 2015 WL 5165718, at *6 (S.D. Fla. Sept. 1, 2015) ("'[T]he Court finds that it is proper to exercise its discretion under Fed.R.Civ.P. 4(f)(3) and allow service of process to be effectuated via FedEx and e-mail."); *Gaffigan v. Does 1-10*, 689 F.Supp.2d 1332, 1342 (S.D. Fla. 2010) ("Under certain circumstances, courts have allowed service by e-mail and have found that it was the most likely method to reach defendants."); *Chanel, Inc. v. Zhixian*, 2010 WL 1740695 (S.D. Fla. April 29, 2010) (Court approved service of process by e-mail and found that such service satisfies due process requirements). *See also*, *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("[W]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process."), cited with approval by *Gaffigan*, *supra*.

25. As this Court has stated:

> The Court is required to examine three factors in determining whether to exercise its discretion and permit alternative service of process as requested by Plaintiffs. First, the Court must be satisfied that the proposed method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Second, the Court must determine that the proposed method of service "minimizes offense to foreign law." Third, the Court must determine that the facts and circumstances warrant exercise of its discretion under Federal Rule of Civil Procedure 4(f).

*Ghostbed, Inc. v. Casper Sleep, Inc.*, 315 F.R.D. 689, 693-694 (S.D. Fla. 2016) (citations omitted).

26. As demonstrated below, electronically serving the Foreign FTX Witnesses satisfies all of the factors the Court must consider.

- 7 -

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101 • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

**Electronic Service Is Reasonably Calculated to Apprise the Foreign FTX Witnesses of the Production Being Asked of Them and Afford Them an Opportunity to Timely Respond**

27. Electronic service is likely to reach the Foreign FTX Witnesses and is reasonably calculated, under all the circumstances, to timely apprise the Foreign FTX Witnesses of the pendency of the action and afford them an opportunity to timely present their responses to the discovery requests.

28. "Service by e-mail alone comports with due process where," as here, "a plaintiff demonstrates that the e-mail is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, Case No. 12-cv-7189-PAE, 2013 WL 841037, at *4 (S.D.N.Y. March 7, 2013) (collecting cases); *Rio Prop.*, 284 F.3d at 1017 ("Considering the facts presented by this case, we conclude not only that service of process by e-mail was proper -- that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond -- but in this case, it was the method of service most likely to reach [the defendant].").

29. Plaintiff proposes to serve the Foreign FTX Witnesses by electronic mail through the e-mail addresses provided by the cryptocurrency exchange at which the Foreign FTX Witnesses are storing the assets stolen from Plaintiff.

30. FTX's records show that the e-mail addresses Plaintiff intends to use are actively registered to the Foreign FTX Witnesses.

**Electronic Service upon Hong Kong or Singaporean Witnesses Does Not Offend the Native Laws of those Countries and Comports with Due Process**

31. Electronic service is not prohibited by international agreement and poses minimal, if any, offense to the laws of Hong Kong and Singapore.

SILVER MILLER
4450 NW 126th Avenue - Suite 101 • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

### a. Hong Kong

32. Hong Kong, China is a signatory to the Hague Service Convention.[4]

33. Article 10 of the Hague Convention permits service "by postal channels"; however, China has formally objected to service under Article 10.  *See*, *e.g.*, *In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *1 (N.D. Cal. June 12, 2008).

34. Notwithstanding the foregoing, **numerous district courts have found that service via e-mail -- including in Hong Kong -- is not in contravention of the Hague Convention.**  *See*, *e.g.*, *Reflex Media, Inc. v. Limited*, Case No. CV-20-00423-RGK-KS, 2020 WL 9073067, at *4 (C.D. Cal. Oct. 26, 2020) (permitting e-mail service upon defendant in Hong Kong); *Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store*, Case No. C21-766-RSM, 2021 WL 4307067, at *1-2 (W.D. Wash. Sept. 22, 2021) (finding e-mail service in China and Hong Kong to be appropriate); *Emqore Envesecure Private Capital Trust v. Singh*, Civ. No. 20-7324 (KM)(JBC), 2020 WL 12654314 (D. NJ July 9, 2020) (same); *Mattel, Inc. v. Animefun Store*, No. 18 CIV. 8824 (LAP), 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020) ("China's objection to service by postal channels under Article 10 of the Hague Convention does not encompass service by email and that, further, service by email is not prohibited by any international agreement."); *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11- CV-02460-LHK, 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011) (gathering sources); *Facebook, Inc. v. Banana Ads, LLC*, No. 11-3619-YGR, 2012 WL 1038752, at *2 n.5 (N.D. Cal. Mar. 27, 2012) (finding e-mail service on a defendant in Hong Kong acceptable despite China's objection to Article 10).

### b. Singapore

35. Likewise, while Singapore is *not* party to the Hague Service Convention; serving documents in Singapore is relatively straightforward, owing to its status as a former British colony and

---

[4] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Criminal Matters (November 15, 1965) (the "Hague Service Convention").

Civil Action No. 9:22-cv-80614-RAR

current member of the Commonwealth of Nations. Singapore maintains a healthy common law system, and it has no specific prohibition against electronic service of process.

36.     Pursuant to Rule 1(1) of Order 10 ("Service of Originating Process; General Provisions") of Singapore's Rules of Court, "a writ must be served personally on each defendant." By electronically serving process upon the Foreign FTX Witnesses, they would be "personally served" in a manner that most reasonably apprises them of the discovery sought from them and affords them an opportunity to respond.

37.     In light of the foregoing, the proposed method of service minimizes offense (if any offense even exists) to the laws of Hong Kong and Singapore.

**The Court's Use of Discretion under Fed.R.Civ.P. 4(f) Is Warranted Here**

38.     Lastly, the facts and circumstances warrant exercise of the Court's discretion under Federal Rule of Civil Procedure 4(f).

39.     Due to the volatile -- and somewhat ephemeral -- nature of cryptocurrency, time is of the essence in this matter.

40.     Moreover, each of the foreign witnesses here use cryptocurrency exchanges outside their jurisdiction; and the only means of communication each of those witnesses has with the exchanges at which they maintain their accounts is electronic.

41.     It would behoove all parties and the Court, as well as the interests of due process, for the Foreign FTX Witnesses to be afforded an opportunity to respond to the discovery requests before the Court addresses Plaintiff's request for injunctive relief as a means of determining who JOHN DOE is -- or if JOHN DOE is perhaps one of the Foreign FTX Witnesses.

42.     In light of the foregoing, the Court is warranted to exercise its discretion in allowing Plaintiff to expeditiously serve subpoenas upon the Foreign FTX Witnesses through electronic means.

Civil Action No. 9:22-cv-80614-RAR

**CONCLUSION**

For the foregoing reasons, Plaintiff ANDREW ASTROVE respectfully requests that this Honorable Court:

(1) permit Plaintiff to effectuate electronic service of subpoenas upon non-U.S.-resident third-party witnesses in this matter; and

(2) enter any other and further relief the Court deems just and proper.

Respectfully submitted,

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101
Coral Springs, Florida 33065
Telephone: (954) 516-6000

By: _/s/ David Silver_
DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@SilverMillerLaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@SilverMillerLaw.com

- and -

ERIC F. ROSENBERG [*Pro Hac Vice* - DE 7]
E-mail: ERosenberg@SilverMillerLaw.com
**SILVER MILLER**
5400 Kenilworth Avenue
Riverdale, Maryland 20737
Telephone: (240) 516-6000

*Counsel for Plaintiff Andrew Astrove*

Dated: May 27, 2022