UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80614-RAR

**ANDREW ASTROVE**,

    Plaintiff,

v.

**JOHN DOE**,

    Defendant.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO ELECTRONICALLY SERVE NON-PARTY SUBPOENAS ABROAD

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Leave to Electronically Serve Non-Party Subpoenas Abroad, [ECF No. 18] ("Motion"), filed on May 27, 2022. The Court has carefully reviewed the Motion and the record and is otherwise fully advised in the premises. For the reasons set forth below, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 18] is **GRANTED.**

### BACKGROUND

On April 20, 2022, Plaintiff Andrew Astrove filed a Complaint for Damages and Equitable Relief, [ECF No. 1], alleging that Defendant John Doe fraudulently induced Plaintiff into investing One Million Four Hundred Thousand Dollars ($1,400,000,000) of cryptocurrency assets with Defendant. Compl. ¶ 13. Plaintiff contends that, as a result of the Court's Order Granting Plaintiff's Motion for Expedited Discovery [ECF No. 14], Plaintiff has identified three non-U.S. resident accountholders who either might be John Doe himself or who received from John Doe the assets stolen from Plaintiff. Mot. at 3. As of today, none of the three non-U.S.

resident accountholders have provided satisfactory information establishing that any of them are bona fide purchasers in good faith entitled to possess the assets-in-question. *Id*. at 4.

Plaintiff has successfully served a subpoena upon one of the witnesses, Trans Galactic Trading, but has failed to serve the remaining two witnesses, Alvin Ong Yangyao and Ka Ho Hung ("Foreign FTX Witnesses"). Due to the upcoming preliminary injunction hearing scheduled for June 3, 2022 and the exigent nature of this proceeding, Plaintiff requests that this Court permit Plaintiff to effectuate electronic service of subpoenas upon the Foreign FTX Witnesses—one who is purportedly based in Hong Kong; and one who is purportedly based in Singapore. Mot. at 1, 4–5.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) allows a district court to order an alternate method of service to be effectuated upon foreign defendants, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See* Fed. R.Civ. P. 4(f)(3); *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc., Ltd.*, No. 05-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.").

## ANALYSIS

Service by e-mail is not prohibited under international agreement in this case. Although the United States and China are signatories to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"), the Hague Convention does not specifically preclude service of process

via e-mail. *See Taylor Made Golf Co., Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A",* No. 20-60468, 2020 WL 3305383, at *1 (S.D. Fla. Apr. 13, 2020). Further, Singapore is not a party to the Hague Convention, and has no specific prohibition against electronic service of process. Mot. at 9–10.

Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail.[1] *Cf. Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, service by e-mail or internet communication in this case will not violate an international agreement.

Further, service by email is reasonably calculated to give notice to the Foreign FTX Witnesses. Plaintiff cites a catalog of cases where courts have granted leave for a plaintiff to serve via e-mail. *See* Mot. at 6–7. The email addresses Plaintiff intends to use are actively registered to the Foreign FTX Witnesses. Mot. at 8.

In sum, Plaintiff has shown good cause why leave should be granted to allow service of non-party subpoenas via e-mail. Thus, for the foregoing reasons, it is hereby

---

[1] China has not expressly objected to service via e-mail. *See* Mot. at 9.

**ORDERED AND ADJUDGED** as follows:

1. The Motion [ECF No. 18] is **GRANTED**.

2. Plaintiff is hereby authorized to serve by electronic mail upon the Foreign FTX Witnesses a subpoena asking each of them to provide the following (previously authorized by the Court [ECF No. 14]) "*to demonstrate the accountholder is a bona fide purchaser in good faith and not JOHN DOE himself*":

> *All documents and information, including but not limited to: (i) Transactional IDs related to the accountholder's acquisition of the cryptocurrency in question; and (ii) information in his/her possession identifying the seller from whom he/she acquired the tainted cryptocurrency in question — showing how the cryptocurrency was obtained, from whom the cryptocurrency was obtained, and the payment records for his/her acquisition of the tainted cryptocurrency.*

**DONE and ORDERED** in Fort Lauderdale, Florida, this 31st day of May, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: all parties and counsel of record