# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| TITUS WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOE, COINBASE GLOBAL, INC., )<br>)<br>Defendants. ) | Case No. 6:21-03074-CV-RK |

**ORDER**

This matter came up for hearing before the Court on April 22, 2021 on Plaintiff's Motion for Preliminary Injunction as a corollary to Plaintiff's Emergency Motion for Temporary Restraining Order Without Notice against Defendant JOHN DOE (the "Motion"). [Docket Entry No. ("DE") 2]. On April 1, 2021, the Court entered against JOHN DOE a Temporary Restraining Order [DE 18] and subsequently extended that Temporary Restraining Order on April 15, 2021 [DE 39].

In evaluating the Motion, this Court has considered the following factors: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant; (3) the state of the balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc); *see also S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989). Moreover, in considering these factors, a court may properly consider evidence that would ordinarily be inadmissible, such as hearsay, in support of the grant of a preliminary injunction. *See*, *e.g.*, *Ass'n of Cmty. Organizations for Reform Now v. Scott*, No. 08-CV-4084, 2008 WL 2787931, at *3 n.5 (W.D. Mo. July 15, 2008).

The Court notes that under Fed.R.Civ.P. 65(a)(1), a preliminary injunction may issue "only on notice to the adverse party." The record includes a sworn Declaration from an Associate

General Counsel at Coinbase, Inc. (Douglas A. Sharp), stating: "I have been advised by Coinbase Europe that, on April 3, 2021, Coinbase Europe issued a courtesy notification to John Doe regarding the above-captioned lawsuit and Orders." [DE 29-4 at ¶ 9]. The "Orders" referenced in that statement include the Temporary Restraining Order [DE 18] that notified JOHN DOE of the originally-scheduled hearing date (April 15, 2021) for the Motion, which the Court subsequently rescheduled for April 22, 2021. In addition, Plaintiff's counsel submitted to the Court a Declaration [DE 44] representing that notice of the April 22, 2021 hearing on the Motion was provided to Kasim Mahmood, "a resident of London, England [who] either is [believed to be] JOHN DOE or has coordinated efforts with JOHN DOE to steal and/or sequester Plaintiff's stolen assets." Based on the foregoing Declarations, the Court is satisfied that JOHN DOE was provided due notice of the preliminary injunction hearing.

Having reviewed the Motion, the file, and being otherwise sufficiently advised in the premises, the Court hereby finds as follows that each of the relevant factors support Plaintiff's request for the entry of a preliminary injunction to preserve the *status quo* and to protect Plaintiff from ongoing irreparable injury attributable to the conduct of Defendant JOHN DOE:

    **A.**    **PLAINTIFF HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS OF HIS CLAIMS**

    1.    Plaintiff has shown a strong likelihood of success on the merits of his claims against Defendant JOHN DOE for conversion as well as for imposition of a constructive trust and disgorgement of funds held in an account(s) maintained by, or for, Defendant JOHN DOE at a wholly-owned subsidiary of COINBASE GLOBAL, INC., a Delaware-based entity that serves as a holding company for cryptocurrency exchange subsidiaries around the globe, including Coinbase, Inc. (a U.S.-focused entity) and Coinbase Europe, Ltd. (a European-focused entity) ("COINBASE").

2. Specifically, on February 26, 2021, 33.7398 bitcoin were stolen from an account maintained in Plaintiff's individual name at Blockchain.com, a cryptocurrency wallet and exchange used by thousands of consumers to invest and store cryptocurrency.

3. As concluded by a cryptographic tracing firm, at least 2.895032 BTC of the 33.7398 BTC transferred from Plaintiff's Blockchain.com account were transferred in two separate, but related, transactions to a single deposit address at COINBASE (the "COINBASE Address"), *to wit*:

| # | Coinbase Address | Transaction Hash | Transfer Date (UTC) | Amount sent to address (BTC) |
|---|---|---|---|---|
| 1 | 3Q4We7jETMLr3hVJj7UghJYdAxBFY7JxYZ | 9853e7933502e01390cbe4cedd30c04cf56fb7457de41a06c0f5256e4e39181b | 2021-02-26 04:27:11 | 0.02009225 |
| 2 | 3Q4We7jETMLr3hVJj7UghJYdAxBFY7JxYZ | f452cdf6eb8cd9ff77c32f349f688b0ea9a16d4f5a2e4b82758f9fe32f44e480 | 2021-02-26 04:31:45 | 2.87493958 |
| | | | TOTAL | 2.895032 BTC |

4. In addition to the foregoing, the cryptographic tracing firm has identified numerous private cryptocurrency wallets to which the bitcoin stolen from Plaintiff was sent, *to wit*:.

| # | Wallet | Amount of Bitcoin Stored in Wallet |
|---|---|---|
| 1 | 3B7f8RpU4JYTGg7Nfzj2Za9rW6BSFMPgDc | 18.36248574 |
| 2 | 32ShuMM9WonbeLQZEbqNQvGt1BQtMEbE3W | 4.95212572 |
| 3 | 1PM9vfQoVgTMEfGjVJykrnTyEJUk6rZw3g | 3.18083050 |
| 4 | 1HeEUM3ZPp62twAThkwVhU8JqK8hjCCykL | 2.22350140 |
| 5 | 1GHUstbeDCZs3LheqSwqb9KGCbYhQmk3V7 | 0.78288052 |
| 6 | 1Hct4e23YXtCsQnzCCAbpmFFYrk3N4UbGk | 0.53792282 |
| 7 | 1JAa4PMU9XWepeCBi3SFGnPtXYQEWbLsBT | 0.20922858 |

| 8 | 1Hyjhm7f5uKDjafr9BHFh1cAvUzb2NX2ey | 0.08181208 |
|---|---|---|
| 9 | 1B5yVWxuPcSq4ah2ycxQRQFJdyEcZ4cwUJ | 0.02011707 |
| | TOTAL | 30.78370898 BTC |

5. The cryptocurrency assets at issue are specific, identifiable property and can be traced to the assets stolen from Plaintiff.

B. **PLAINTIFF WILL SUFFER IRREPARABLE HARM IF THE TRANSFER OR ENCUMBRANCE OF THE PROPERTY IS NOT ENJOINED**

6. Plaintiff has established that his rights will be immediately and irreparably harmed absent a preliminary injunction from this Court. Without entry of the preliminary injunction, Plaintiff may be unable to recover for his equitable claims.

7. Moreover, considering the speed with which cryptocurrency transactions are made as well as the anonymous nature of those transactions, it is imperative to freeze JOHN DOE's assets at COINBASE and the private cryptocurrency wallets to maintain the *status quo* to avoid dissipation of the money illegally taken from Plaintiff.

8. Plaintiff was victimized by the theft of his cryptocurrency assets, and it appears from the record that JOHN DOE has no right to claim either possession or ownership of Plaintiff's stolen assets. Therefore, there is a high likelihood Plaintiff will succeed on his claims.

C. **THERE IS LITTLE PREJUDICE TO DEFENDANT IF THE INJUNCTION IS ENTERED**

9. The balance of hardships also favors Plaintiff, because a preliminary injunction would preserve the *status quo ante* and prevent irreparable harm until such time as the Court may hold a hearing.

D. **ENTERING AN INJUNCTION IS IN THE PUBLIC INTEREST**

10. Entry of a preliminary injunction will not harm the public interest, which is properly served by promoting the objectives of the Financial Crimes Enforcement Network [FinCEN] (a

division of the U.S. Department of the Treasury) and providing assurance that courts will protect investors' assets from theft and will aid investors in their recovery of stolen assets when they can be readily located and traced to specific locations, like the purloined assets in this action.

### E. A NOMINAL BOND SECURING INJUNCTIVE RELIEF IS APPROPRIATE

11. Because of the apparent strength of Plaintiff's case, the Court concludes that requiring security pursuant to Fed.R.Civ.P. 65(c) in anything other than a nominal amount is not appropriate in this case at this time. To support the April 1, 2021 Temporary Restraining Order and April 15, 2021 Temporary Restraining Order: Extended, Plaintiff posted a bond in the amount of One Hundred Dollars and Zero Cents ($100.00) [Clerk's Receipt No. KCMO089350], as payment of damages to which Defendant JOHN DOE may be entitled for a wrongful injunction or restraint. The Court will not require any additional bond be posted to secure a preliminary injunction. Upon a showing of good cause by Plaintiff, the Court may enter a further order reducing the amount of, or waiving in its entirety, Plaintiff's bond requirement.

Accordingly, IT IS HEREBY ORDERED AND ADJUDGED that:

### PRELIMINARY INJUNCTION

1. Plaintiff's Motion for Preliminary Injunction against Defendant JOHN DOE is GRANTED.

2. Until a final adjudication of the parties' rights is made on the claims asserted against Defendant JOHN DOE in the Complaint, or until further Order of the Court, Defendant JOHN DOE and his agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which he/they act or who act in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting

directly or through any trust, corporation, subsidiary, division or other device, or any of them[1], are hereby temporarily restrained from withdrawing, transferring, or encumbering any assets currently held by, for, or on behalf of Defendant JOHN DOE or any business entity through which he acts or which acts in active concert or participation with him; including but not limited to those assets currently held in: (1) any account at any financial institution, bank, trading exchange, or investment firm; and (2) any cryptocurrency wallet or cryptocurrency trading account they maintain or control anywhere.

3. The Court further orders that the following private cryptocurrency wallets which, as of the date of this Order, are believed to be storing bitcoin stolen from Plaintiff, are likewise temporarily restrained from withdrawing, transferring, or encumbering any assets held in those wallets:

| # | Wallet | Amount of Bitcoin Stored in Wallet |
|---|---|---|
| 1 | 3B7f8RpU4JYTGg7Nfzj2Za9rW6BSFMPgDc | 18.36248574 |
| 2 | 32ShuMM9WonbeLQZEbqNQvGt1BQtMEbE3W | 4.95212572 |
| 3 | 1PM9vfQoVgTMEfGjVJykrnTyEJUk6rZw3g | 3.18083050 |
| 4 | 1HeEUM3ZPp62twAThkwVhU8JqK8hjCCykL | 2.22350140 |
| 5 | 1GHUstbeDCZs3LheqSwqb9KGCbYhQmk3V7 | 0.78288052 |
| 6 | 1Hct4e23YXtCsQnzCCAbpmFFYrk3N4UbGk | 0.53792282 |
| 7 | 1JAa4PMU9XWepeCBi3SFGnPtXYQEWbLsBT | 0.20922858 |
| 8 | 1Hyjhm7f5uKDjafr9BHFh1cAvUzb2NX2ey | 0.08181208 |
| 9 | 1B5yVWxuPcSq4ah2ycxQRQFJdyEcZ4cwUJ | 0.02011707 |
| | TOTAL | 30.78370898 BTC |

---

[1] "[A] decree of injunction not only binds the parties defendant but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control." *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 180 (1973) (quoting *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945)); *see also*, Fed.R.Civ.P. 65(d)(2).

4. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: April 23, 2021