UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80614-RAR

**ANDREW ASTROVE**,

    Plaintiff,

v.

**JOHN DOE**,

    Defendant.

_____/

## ORDER SETTING PRE-TRIAL SCHEDULE
## AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE

**Status Conference.** The Court shall conduct a Status Conference on **August 4, 2022 at 11:00 a.m. via Zoom videoconference** with all parties who have appeared in the case as of that date. The Court will publish on the docket the Zoom login information at least 48 hours prior to the Status Conference.

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are hereby referred to United States Magistrate Judge Shaniek M. Maynard. Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by the Magistrate Judge. **The deadline for submitting a consent is August 19, 2022**.

**Discovery**. Due to Defendant JOHN DOE's failure as of this date to represent his legal interests in this matter despite due notice from Plaintiff to do so, the Court deems the standard FED. R. CIV. P. 26(f) "meet and confer" requirements to have effectively been satisfied and/or waived. Party and non-party discovery may commence immediately upon entry of this Order. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer

requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be entered into only with the Court's approval. *See* FED. R. CIV. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with respect to motions practice. *See* S.D. FLA. L.R. 7.1.

**Discovery Disputes**. Prior to filing any discovery motion, counsel must actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking the Court's intervention. The Court may impose sanctions, monetary or otherwise, if it determines that a party has improperly sought or withheld discoverable material in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they shall follow Magistrate Judge Maynard's standard discovery procedures in bringing their dispute to the attention of the Court. Should the parties have any questions regarding the resolution of discovery issues, counsel should contact the chambers of Magistrate Judge Maynard at (772) 467- 2320.

**Good Faith Conferral**. For the purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(3), the parties are instructed that a single e-mail exchange with opposing counsel shall not constitute a good faith effort under the Local Rules. The parties are instructed to confer either telephonically or in person.

**Plaintiff's Good Faith Efforts With Non-Parties Affected by Preliminary Injunction.** On June 17, 2022, the Court entered an Order Granting Preliminary Injunction freezing certain Destination Addresses (defined and identified in the TRO) to which cryptographic tracing had traced the path of the digital assets stolen from Plaintiff. *See* [ECF No. 24]. Plaintiff is hereby

required to work in good faith to resolve any claim of interest from a non-party whose property or business interests have been directly affected by the Preliminary Injunction. If the dispute between the parties-in-interest cannot be amicably resolved between them, those parties-in-interest — or any one of them — shall bring the dispute before the Court for resolution upon a properly addressed motion and request for relief.

**Settlement Notification**. If this matter is settled, counsel shall inform the Court promptly via telephone (954-769-5560) and/or e-mail (ruiz@flsd.uscourts.gov). In addition, counsel must promptly file a stipulation of settlement.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 17th day of June, 2022.

				_____
				**RODOLFO A. RUIZ II**
				**UNITED STATES DISTRICT JUDGE**

cc: all parties and counsel of record