# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 9:22-cv-80614-RAR**

ANDREW ASTROVE, an individual,

    Plaintiff,

v.

JOHN DOE, an individual;

    Defendant.

_____/

## PLAINTIFF'S MOTION TO EXTEND SCHEDULING ORDER DEADLINES REGARDING MOTION FOR ASSET TURNOVER FROM NON-PARTY

Plaintiff ANDREW ASTROVE, an individual ("Plaintiff"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 7 as well as Local Rule 7.1, hereby respectfully requests this Court extend by thirty (30) days all deadlines set forth in the Scheduling Order entered on September 8, 2022 [Docket Entry No. ("DE") 35], which established a briefing schedule and hearing date concerning Plaintiff's anticipated motion requesting asset turnover from non-party Ka Ho Hung a/k/a Wincent Hung.

In support of his request, Plaintiff states as follows:

1. Plaintiff is a Florida resident who lost approximately One Million Four Hundred Thousand Dollars ($1,400,000.00) worth of cryptocurrency in a sophisticated online investment scheme perpetrated by Defendant JOHN DOE, an individual.[1]

2. At a September 6, 2022 Status Conference conducted by the Court [DE 34], Plaintiff's undersigned counsel alerted the Court of Plaintiff's intent to file a motion requesting asset turnover

---

[1] Docket Entry No. ("DE") 1 [Complaint] at ¶ 1.

from non-party Ka Ho Hung a/k/a Wincent Hung, who is believed to be holding a portion of Plaintiff's stolen assets.

3. On September 8, 2022, the Court entered a Scheduling Order establishing a briefing schedule and scheduling a November 7, 2022 hearing date on Plaintiff's anticipated Turnover Motion. [DE 35].

4. Since the date on which the Scheduling Order was entered, Plaintiff's counsel has been engaged in discussions with the cryptocurrency exchange at which the assets-in-question are currently frozen by the Court's Order Granting Preliminary Injunction [DE 24]. Those discussions, which remain ongoing, will help establish who has a rightful claim to those frozen assets.

5. As proffered to the Court at the September 6, 2022 Status Conference, Plaintiff's goal is to provide as much notice as is reasonably possible to any interested persons potentially associated with the frozen assets. To that end, Plaintiff's counsel continues to work with cryptocurrency exchanges, the affected parties, and with forensic experts to ensure due process has been met and that Plaintiff can reclaim and access his stolen property. Plaintiff and undersigned counsel are also striving to conserve as many resources as possible so that Plaintiff -- the real victim in this matter -- can be made as close to whole as possible.

6. Additionally, since the date on which the Scheduling Order was entered, the press of other time-sensitive business obligations -- along with observance of the Jewish High Holidays of Rosh Hashanah and Yom Kippur and the arrival in Florida/immediate aftermath of Hurricane Ian -- have impeded and continue to impede undersigned counsel's ability to prepare the Turnover Motion.

7. In light of the foregoing, Plaintiff respectfully requests that the Court extend by thirty (30) days, or as reasonably close thereto, the deadlines and hearing date set forth in the Scheduling Order.

Civil Action No. 9:22-cv-80614-RAR

8. This enlargement of time is requested to allow Plaintiff and his counsel to properly prepare and present Plaintiff's position on the legal matters surrounding the frozen assets-in-question and why those assets should be turned over to Plaintiff.

9. This is the first motion to enlarge the deadlines set forth in the Scheduling Order.

10. This motion is made before the expiration of the periods prescribed by the Federal Rules of Civil Procedure and the Local Rules of Court, is made in good faith, is not sought for the purpose of delay, and will not prejudice any party.

11. Pursuant to Local Rule 7.1(a)(2), Plaintiffs have submitted herewith a proposed Order granting the instant Motion.

For the foregoing reasons, Plaintiff ANDREW ASTROVE respectfully requests that this Honorable Court extend all deadlines in the September 8, 2022 Scheduling Order [DE 35] as follows:

| Date | Deadline |
|---|---|
| November 8, 2022: | Deadline for Plaintiff to file a Motion for Turnover directed at the assets-at-issue presently held by Mr. Hung. |
| November 29, 2022: | Deadline for any party, non-party, or accountholder affected by the Motion for Turnover to file any objection(s) to the Motion. |
| December 6, 2022: | Deadline for Plaintiff to file any response(s) to the objection(s) to the Motion. |
| December 9, 2022: | The Court will hold an evidentiary hearing on the Motion for Turnover via Zoom teleconference at 2:00 P.M. EST. The Court will publish the Zoom login information at least 48 hours prior to the hearing. |

Civil Action No. 9:22-cv-80614-RAR

Respectfully submitted,

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101
Coral Springs, Florida 33065
Telephone:     (954) 516-6000

By: _____
    DAVID C. SILVER
    Florida Bar No. 572764
    E-mail: DSilver@SilverMillerLaw.com
    JASON S. MILLER
    Florida Bar No. 072206
    E-mail: JMiller@SilverMillerLaw.com

   - and -

ERIC F. ROSENBERG [*Pro Hac Vice* - DE 7]
E-mail: ERosenberg@SilverMillerLaw.com
**SILVER MILLER**
5400 Kenilworth Avenue
Riverdale, Maryland 20737
Telephone:     (240) 516-6000

*Counsel for Plaintiff Andrew Astrove*

Dated:   October 4, 2022