# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 9:22-cv-80614-RAR**

ANDREW ASTROVE, an individual,

    Plaintiff,

v.

JOHN DOE, an individual;

    Defendant.

_____/

## PLAINTIFF'S MOTION FOR STATUS CONFERENCE

Plaintiff ANDREW ASTROVE, an individual ("Plaintiff"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 7 as well as Local Rule 7.1, hereby respectfully requests that the Court schedule at the Court's earliest convenience on or after October 26, 2022 a Status Conference at which Plaintiff can address the Court and receive guidance on certain matters in dispute between Plaintiff and multiple non-parties affected by the June 17, 2022 Preliminary Injunction.

In support of his request, Plaintiff states as follows:

1. Plaintiff is a Florida resident who lost approximately One Million Four Hundred Thousand Dollars ($1,400,000.00) worth of cryptocurrency in a sophisticated online investment scheme perpetrated by Defendant JOHN DOE, an individual.[1]

2. On April 22, 2022, the Court entered a Temporary Restraining Order against JOHN DOE freezing certain Destination Addresses (defined and identified in the TRO) to which cryptographic tracing had traced the path of the digital assets stolen from Plaintiff [DE 4]. Subsequently, the Court modified/extended that Temporary Restraining Order on May 3, 2022 [DE 12], May 17, 2022 [DE 17], and on June 2, 2022 [DE 21].

---

[1] Docket Entry No. ("DE") 1 [Complaint] at ¶ 1.

Civil Action No. 9:22-cv-80614-RAR

3. On June 17, 2022, upon an adequate evidentiary proffer -- including the sworn testimony of a professional cryptographic tracing expert -- the Court converted the TRO into a Preliminary Injunction [DE 24]

4. Also on June 17, 2022, the Court entered an "Order Setting Pre-Trial Schedule and Referring Certain Matters to Magistrate Judge" (the "Scheduling Order") [DE 25].

5. The Scheduling Order provides, *inter alia*:

> **Plaintiff's Good Faith Efforts With Non-Parties Affected by Preliminary Injunction.** On June 17, 2022, the Court entered an Order Granting Preliminary Injunction freezing certain Destination Addresses (defined and identified in the TRO) to which cryptographic tracing had traced the path of the digital assets stolen from Plaintiff. See [ECF No. 24]. Plaintiff is hereby required to work in good faith to resolve any claim of interest from a non-party whose property or business interests have been directly affected by the Preliminary Injunction. If the dispute between the parties-in-interest cannot be amicably resolved between them, those parties-in-interest — or any one of them — shall bring the dispute before the Court for resolution upon a properly addressed motion and request for relief.

6. As part of the Preliminary Injunction, the following cryptocurrency wallet addresses at cryptocurrency exchanges FTX, KRAKEN, OKX (OKEx), BINANCE, GATE.IO, and ZB.COM have been frozen by the Court:

| # | EXCHANGE | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|---|
| 1. | FTX | e9d3aa47497e63d27916ec0947174e2f778581bb | USDT | 380,056.73823 USDT |
| 2. | Kraken | 57ae39494b91f947866b86d9655c0e7fdc093f14 | USDT | 169,304.42112 USDT |
| 3. | Bitfinex.com/ Crypto.com | d4dcd2459bb78d7a645aa7e196857d421b10d93f | USDT | 83,401.620357 USDT |
| 4. | OKX (OKEx) | 39243d72d9c26d26bd8317838908e7f2682af284 | USDT | 80,060.512581 USDT |
| 5. | Binance | 70fc0e221578f6d47f958cfa2bff1f9320bc6eec | USDT | 60,978.520990 USDT |

Civil Action No. 9:22-cv-80614-RAR

| 6. | FTX | ccfaedbcfe19f10607ce7f9b0d64295d979b606d | USDT | 38,726.667998 USDT |
|---|---|---|---|---|
| 7. | gate.io | 49b8229ddd86b47e6ebab43bd54b71e80aff3a0f | USDT | 18,910.227524 USDT |
| 8. | ZB.com | 15df4ca7b60d09f0070e4c42ef08031c73167686 | USDT | 5,908.5983 USDT |
| | | | TOTAL | **837,347.3072 USDT** |

7. In addition to the foregoing, the Preliminary Injunction likewise froze the following cryptocurrency wallet addresses (among others), which the evidence suggests are owned or controlled by Defendant JOHN DOE or an unknown third-party to whom he has transferred the assets stolen from Plaintiff:

| # | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|
| 1 | 431758befb274b88599401a1d7445dcb50c71122 | USDT | 11,721.149170 USDT |
| 2 | e7b36e1a636d31aa3d2e8918f80fecdb41f8cd6d | USDT | 7,704.7557322 USDT |
| 3 | e0fe2b4c9f7d58a05b4a16b71ef8afb42557aef2 | USDT | 5,980.596504 USDT |
| 4 | 7b6d0d7a60f3b14f721195c0d289807e9dde9559 | USDT | 2,444.308878 USDT |
| | | TOTAL | **27,850.81028 USDT** |

Collectively, the frozen assets are the "Property."

8. As undersigned counsel has reported to the Court at multiple status conferences in this matter, counsel has identified and communicated in good faith with several non-parties directly affected by the Court's freeze of the Property; as those non-parties are believed to be holding (or are believed to have held) some portion of the Property after it had been stolen from Plaintiff.

9. Specifically, counsel has communicated with accountholders at FTX and Kraken, who cryptographic tracing showed were holding some portion of Plaintiff's stolen Property. Some of those non-party accountholders have already resolved with Plaintiff their claims to ownership of the stolen

Civil Action No. 9:22-cv-80614-RAR

Property, while other non-party accountholders have failed and/or refused to cooperate or corroborate their claims of ownership of the Property.

10.     In particular, the following non-parties have failed to demonstrate a viable claim of ownership to the following portions of the Property -- despite having been requested in good faith to produce documents (via subpoena duces tecum) and testimony (via duly-noticed deposition) to corroborate their claimed ownership:

| # | EXCHANGE | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|---|
| 1. | FTX | e9d3aa47497e63d27916ec0947174e2f778581bb | USDT | 380,056.73823 USDT |
| Affected Non-Party: Alvin Ong Yangyao | | | | |

| 6. | FTX | ccfaedbcfe19f10607ce7f9b0d64295d979b606d | USDT | 38,726.667998 USDT |
|---|---|---|---|---|
| Affected Non-Party: Ka Ho Hung a/k/a Wincent Hung | | | | |

11.     Notwithstanding having been provided ample opportunity to establish a bona fide claim of ownership to the above-referenced portions of the Property, Mr. Yangyao and Mr. Hung have failed and/or refused to establish such a right of ownership in the Property.

12.     Meanwhile, a professional cryptographic tracing expert has demonstrated that the Property rightfully belongs to Plaintiff.

13.     Plaintiff seeks to reclaim possession of the stolen Property and requests a Status Conference with the Court to discuss the most fair path to adjudicating any competing claims of ownership while the assets remain in limbo -- whether that path be placing the Property into the control of a Receiver specifically charged with fielding and presenting to the Court any such competing

Civil Action No. 9:22-cv-80614-RAR

ownership claims, whether the Court will simply instruct FTX to turn over the frozen Property to Plaintiff, or whether another path is deemed most appropriate.

14. Due to the volatile nature of cryptocurrency and its fluctuating valuation, Plaintiff requests that the Status Conference be scheduled at the Court's earliest convenience.

15. Pursuant to Local Rule 7.1(a)(2), Plaintiffs have submitted herewith a proposed Order granting the instant Motion.

For the foregoing reasons, Plaintiff ANDREW ASTROVE respectfully requests that this Honorable Court schedule at the Court's earliest convenience on or after October 26, 2022 a Status Conference at which Plaintiff can address the Court and receive guidance on, *inter alia*, certain matters in dispute between Plaintiff and multiple non-parties affected by the Court's June 17, 2022 Preliminary Injunction.

                              Respectfully submitted,

                              **SILVER MILLER**
                              4450 NW 126th Avenue - Suite 101
                              Coral Springs, Florida 33065
                              Telephone:     (954) 516-6000

By: _/s/ David C. Silver_____
                              DAVID C. SILVER
                              Florida Bar No. 572764
                              E-mail: DSilver@SilverMillerLaw.com
                              JASON S. MILLER
                              Florida Bar No. 072206
                              E-mail: JMiller@SilverMillerLaw.com

  - and -

                              ERIC F. ROSENBERG [*Pro Hac Vice* - DE 7]
                              E-mail: ERosenberg@SilverMillerLaw.com
                              **SILVER MILLER**
                              5400 Kenilworth Avenue
                              Riverdale, Maryland 20737
                              Telephone:     (240) 516-6000

                              *Counsel for Plaintiff Andrew Astrove*

Dated:   October 19, 2022