## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 9:22-cv-80614-RAR**

ANDREW ASTROVE, an individual,

    Plaintiff,

v.

JOHN DOE, an individual;

    Defendant.

_____/

**PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER
and RETENTION OF SPECIAL LITIGATION COUNSEL FOR RECEIVER**

Plaintiff ANDREW ASTROVE, an individual ("Plaintiff"), by and through undersigned counsel and pursuant to Fed.R.Civ.P. 66 as well as this Court's inherent equitable powers, respectfully moves for entry of an Order: (1) appointing Marc A. Wites, Esq. ("Mr. Wites") as Receiver over certain cryptocurrency assets and accounts frozen by the Court's June 17, 2022 Order Granting Preliminary Injunction (the "Preliminary Injunction") [Docket Entry No. ("DE") 24], and (2) permitting Mr. Wites to retain Silver Miller as counsel to the Receiver. In support of his motion, Plaintiff states the following:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Plaintiff is a Florida resident who lost approximately One Million Four Hundred Thousand Dollars ($1,400,000.00) worth of cryptocurrency in a sophisticated online investment scheme perpetrated by Defendant JOHN DOE, an individual.[1]

2. On April 20, 2022, Plaintiff commenced this lawsuit against JOHN DOE, asserting claims for Fraudulent Inducement, Negligent Misrepresentations, Replevin, Conversion, Unjust Enrichment, and Imposition of a Constructive Trust and Disgorgement of Funds. [DE 1].

---

[1] DE 1 [Complaint] at ¶ 1.

3. On April 22, 2022, the Court entered a Temporary Restraining Order against JOHN DOE freezing certain Destination Addresses (defined and identified in the TRO) to which cryptographic tracing had traced the path of the digital assets stolen from Plaintiff [DE 4]. Subsequently, the Court modified/extended that Temporary Restraining Order on May 3, 2022 [DE 12], May 17, 2022 [DE 17], and on June 2, 2022 [DE 21].

4. On June 17, 2022, upon an adequate evidentiary proffer -- including the sworn testimony of a professional cryptographic tracing expert -- the Court converted the TRO into the Preliminary Injunction [DE 24].

5. Pursuant to the TRO and the Preliminary Injunction, the following cryptocurrency wallet addresses at cryptocurrency exchanges FTX, KRAKEN, OKX (OKEx), BINANCE, GATE.IO, and ZB.COM have been frozen by the Court:

| # | EXCHANGE | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|---|
| 1. | FTX | e9d3aa47497e63d27916ec0947174e2f778581bb | USDT | 380,056.73823 USDT |
| 2. | Kraken | 57ae39494b91f947866b86d9655c0e7fdc093f14 | USDT | 169,304.42112 USDT |
| 3. | Bitfinex.com/ Crypto.com | d4dcd2459bb78d7a645aa7e196857d421b10d93f | USDT | 83,401.620357 USDT |
| 4. | OKX (OKEx) | 39243d72d9c26d26bd8317838908e7f2682af284 | USDT | 80,060.512581 USDT |
| 5. | Binance | 70fc0e221578f6d47f958cfa2bff1f9320bc6eec | USDT | 60,978.520990 USDT |
| 6. | FTX | ccfaedbcfe19f10607ce7f9b0d64295d979b606d | USDT | 38,726.667998 USDT |
| 7. | gate.io | 49b8229ddd86b47e6ebab43bd54b71e80aff3a0f | USDT | 18,910.227524 USDT |
| 8. | ZB.com | 15df4ca7b60d09f0070e4c42ef08031c73167686 | USDT | 5,908.5983 USDT |
| | | | TOTAL | 837,347.3072 USDT |

6. In addition to the foregoing, the TRO and Preliminary Injunction likewise froze the following cryptocurrency wallet addresses (among others), which the evidence suggests are owned or

Civil Action No. 9:22-cv-80614-RAR

controlled by Defendant JOHN DOE or an unknown third-party to whom he has transferred the assets stolen from Plaintiff:

| # | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|
| 1 | 431758befb274b88599401a1d7445dcb50c71122 | USDT | 11,721.149170 USDT |
| 2 | e7b36e1a636d31aa3d2e8918f80fecdb41f8cd6d | USDT | 7,704.7557322 USDT |
| 3 | e0fe2b4c9f7d58a05b4a16b71ef8afb42557aef2 | USDT | 5,980.596504 USDT |
| 4 | 7b6d0d7a60f3b14f721195c0d289807e9dde9559 | USDT | 2,444.308878 USDT |
|   |   | TOTAL | **27,850.81028 USDT** |

Collectively, the frozen assets are the "Property."

7. As undersigned counsel has reported to the Court at multiple status conferences in this matter, counsel has identified and communicated with several non-parties directly affected by the Court's freeze of the Property; as those non-parties are believed to be holding (or are believed to have held) some portion of the Property after it had been stolen from Plaintiff.

8. Specifically, counsel has communicated with accountholders at FTX and Kraken, who cryptographic tracing showed were holding some portion of Plaintiff's stolen Property. Some of those non-party accountholders have already resolved with Plaintiff their claims to ownership of the stolen Property, while other non-party accountholders have failed and/or refused to cooperate or corroborate their claims of ownership of the Property.

9. In particular, the following non-parties have failed to demonstrate a viable claim of ownership to the following portions of the Property -- despite having been requested in good faith to produce documents (via subpoena duces tecum) and testimony (via deposition) to corroborate their claimed ownership:

Civil Action No. 9:22-cv-80614-RAR

| # | EXCHANGE | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|---|
| 1. | FTX | e9d3aa47497e63d27916ec0947174e2f778581bb | USDT | 380,056.73823 USDT |
| | | Affected Non-Party: Alvin Ong Yangyao | | |

| # | EXCHANGE | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM |
|---|---|---|---|---|
| 6. | FTX | ccfaedbcfe19f10607ce7f9b0d64295d979b606d | USDT | 38,726.667998 USDT |
| | | Affected Non-Party: Ka Ho Hung a/k/a Wincent Hung | | |

10. Notwithstanding having been provided ample opportunity to establish a bona fide claim of ownership to the above-referenced portions of the Property, Mr. Yangyao and Mr. Hung have failed and/or refused to establish such a right of ownership in the Property.

11. Nevertheless, undersigned counsel has communicated with Mr. Hung and reasonably anticipates resolving with Mr. Hung by the end of November 2022 the dispute between him and Plaintiff as to their respective claims/rights of ownership in the Property.

12. Meanwhile, a professional cryptographic tracing expert has demonstrated that the Property rightfully belongs to Plaintiff.

13. Plaintiff seeks to reclaim possession of the stolen Property and proffers that the most fair path to adjudicating any competing claims of ownership while the assets remain in limbo is to place the Property into the control of a Receiver who can field and present to the Court any such competing ownership claims. If no viable claims to overcome Plaintiff's claim to the Property are presented, the Receiver will ask the Court to turn over the frozen Property to Plaintiff.

14. The principal advantage of appointing a Receiver is that the Court will thereby have the ability to ensure that the Property is sequestered under the Receiver's control, monitored, and not

SILVER MILLER
4450 NW 126th Avenue - Suite 101 • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

Civil Action No. 9:22-cv-80614-RAR

dissipated by any third party in a manner that would prevent Plaintiff from ever regaining access to his stolen funds.

15. The Court possesses broad equitable powers to appoint receivers. *See*, Fed.R.Civ.P. 66; *S.E.C. v. Elliot*, 953 F.2d 1560, 1566 (11th Cir. 1992); *Liberte Capital Group, LLC v. Capwell*, 462 F.3d 543, 551 (6th Cir. 2006). Such authority includes the power to prohibit withdrawal, transfer, removal, dissipation of disputed assets.

16. Exercise of this inherent equitable power is particularly appropriate in this case. As time advances, the value of Plaintiff's holdings are diminishing. Plaintiff seeks to avoid the reduction or destruction of the value of his cryptocurrency holdings -- something that can only be achieved if a Receiver is installed, Plaintiff regains possession of his stolen assets, and Plaintiff is revived with the ability to liquidate his assets before they diminish in value any further.

17. To be clear, the primary charge of a Receiver at this point in the litigation would be to reclaim as much of the Property as is currently available; which in this instance, commences with the 380,056.73823 USDT in dispute between Plaintiff and Mr. Yangyao.

18. Plaintiff submits the following attached information concerning the qualifications of proposed Receiver **Marc A. Wites, Esq.**, a leading cryptocurrency litigator and trial attorney who himself has represented corporations, investors, and shareholders in numerous multi-jurisdictional litigation matters involving securities, commodities, asset recovery matters, and other investment frauds. *See*, **Exhibit "A"** hereto. Mr. Wites is willing to serve as Receiver in this matter.

19. In addition, as set forth in the proposed Order Appointing Receiver filed in support hereof, the Receiver would be empowered to:

> Choose, engage, and employ attorneys, accountants and other reasonable agents or professionals, as the Receiver deems advisable or necessary in the performance of his duties and responsibilities. The Receiver and his professionals shall be entitled to reasonable compensation from the assets now comprising the Property or ultimately secured by the Receiver. Said compensation shall be commensurate with

their duties and obligations under the circumstances, subject to approval of this Court.

20. In furtherance of that power, Mr. Wites would seek to appoint and retain Silver Miller to provide the Receiver with legal advice, counsel, and assistance in this matter. Attached hereto as **Exhibit "B"** is a copy of the proposed Contract for Representation between the Receiver and Silver Miller, in which **Silver Miller is willing to waive its right to payment for any legal services rendered as the Receiver's Special Litigation Counsel** -- certainly the most cost-effective manner for the receivership to proceed.

21. Silver Miller is one of the leading cryptocurrency litigation firms in the country and has represented Court-appointed receivers, trustees, liquidators, and office holders in multi-jurisdictional asset recovery matters involving cryptocurrency theft, Ponzi schemes, and other frauds. A copy of Silver Miller's resume is attached hereto as **Exhibit "C"**.

## LEGAL ANALYSIS

22. The Court possesses broad equitable powers to appoint receivers. *See*, Fed.R.Civ.P. 66; *S.E.C. v. Elliot*, 953 F.2d 1560, 1566 (11th Cir. 1992); *Liberte Capital Group, LLC v. Capwell*, 462 F.3d 543, 551 (6th Cir. 2006). Such authority includes the power to prohibit withdrawal, transfer, removal, dissipation of disputed assets.

23. Although no precise formula exists for determining when a court should resort to appointing a receiver, several factors should be considered: (1) whether fraudulent activity has or will occur, (2) the validity of the claim, (3) the danger that property will be lost or diminished in value, (4) inadequacy of legal remedies, (5) availability of less severe equitable remedy, and (6) the probability that a receiver may do more harm than good. *See*, *e.g.*, *Clough Marketing Servs., Inc. v. Main Line Corp.*,

2007 WL 496739, at *2 (N.D. Ga. Feb. 13, 2007) (citing *Bookout v. Atlas Fin. Corp.*, 395 F. Supp. 1338, 1341 (N.D. Ga. 1974), *aff'd*, 514 F.2d 757 (5th Cir. 1975)).[2]

24. Legal remedies, *i.e.*, damages, will not likely be available. The only viable remedy for Plaintiff will most likely come through equity from recovery of the stolen Property from those to whom the Property was fraudulently transferred.

25. The availability of a less severe equitable remedy would do little to help preserve the status quo and to recover Plaintiff's stolen assets.

26. The only "harm" a Receiver is likely to do in this instance is to marshal the stolen Property so that those who received stolen assets from Defendant JOHN DOE (or who might be JOHN DOE himself) cannot dissipate the stolen funds and effectively stop any violations of the Court's orders. That "harm" is hardly a harm at all -- especially since those interested parties have been invited to establish their bona fide claims of ownership to the portions of the Property in which they claim to hold an interest.

27. Pursuant to Local Rule 7.1(a)(2), Plaintiff has submitted herewith a proposed Order granting the instant Motion, appointing Mr. Wites as the Receiver, setting forth the boundaries of the receivership, and permitting Mr. Wites to retain Silver Miller as Special Litigation Counsel to the Receiver.

## **CONCLUSION**

WHEREFORE, Plaintiff ANDREW ASTROVE, for the reasons stated above, respectfully moves for entry of an Order:

(a) Appointing Marc A. Wites, Esq. as Receiver over the Property to take possession of the identified Property;

---

[2] The Fifth Circuit's affirmance in *Bookout v. Atlas Financial Corporation*, *supra*., stands as binding precedent in the Eleventh Circuit. *See*, *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (Fifth Circuit decisions rendered before September 30, 1981 are binding precedent in the Eleventh Circuit.).

- 7 -

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101 • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

Civil Action No. 9:22-cv-80614-RAR

(b) Permitting Mr. Wites to retain Silver Miller as his counsel in this matter;

(c) Authorizing Silver Miller to accept the Property in its commercial account at a U.S.-based cryptocurrency exchange; and

(d) Awarding such further relief as the Court deems necessary and appropriate under the circumstances.

Respectfully submitted,

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101
Coral Springs, Florida 33065
Telephone: (954) 516-6000

By: /s/ David Silver
DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@SilverMillerLaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@SilverMillerLaw.com

- and -

ERIC F. ROSENBERG [*Pro Hac Vice* - DE 7]
E-mail: ERosenberg@SilverMillerLaw.com
**SILVER MILLER**
5400 Kenilworth Avenue
Riverdale, Maryland 20737
Telephone: (240) 516-6000

*Counsel for Plaintiff Andrew Astrove*

Dated: November 9, 2022