UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80614-RAR

**ANDREW ASTROVE, an individual**,

    Plaintiff,

v.

**JOHN DOE, an individual**,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER AND RETENTION OF SPECIAL LITIGATION COUNSEL FOR RECEIVER

**WHEREAS**, Plaintiff ANDREW ASTROVE, an individual ("Plaintiff"), has filed a Motion for Appointment of Receiver and Retention of Special Litigation Counsel for Receiver over certain cryptocurrency assets and accounts frozen by the Court's June 17, 2022 Order Granting Preliminary Injunction (the "Preliminary Injunction") [ECF No. 24] ("Motion");

**WHEREAS**, a receiver is requested with full and exclusive power, duty and authority to take, marshal, investigate, and present to the Court any viable challenges to Plaintiff's claim of ownership over the cryptocurrency assets and accounts frozen by the Preliminary Injunction ("Property"); and take whatever actions are necessary for the protection of the Property;

**WHEREAS**, Plaintiff has submitted the credentials of a candidate to be appointed as receiver for the Property, and the candidate is prepared to assume this responsibility if so ordered by this Court; and

**WHEREAS**, Plaintiffs have made a sufficient and proper showing in support of the Motion and the appointment of a receiver; it is therefore

**ORDERED AND ADJUDGED** as follows:

## I. Appointment of Receiver/Corporate Monitor

1. The appointment of a receiver for the Property is appropriate.

2. Until further order of this Court, Marc A. Wites, Esq. is hereby approved and appointed to serve as the Receiver for the Property.

## II. Asset Freeze

3. It is the intention of this Receivership to be limited to accepting and distributing the cryptocurrency assets constituting the Property that are addressed in the Preliminary Injunction.

4. This Court hereby takes exclusive jurisdiction and possession of the Property, of whatever kind and wherever situated, for the purpose of preserving that Property.

5. All persons and entities with direct or indirect control over any assets comprising the Property, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of, or withdrawing, such assets. This freeze shall include, but not be limited to, the Property on deposit with financial institutions such as banks, cryptocurrency exchanges, clearing firms or any other third party.

## III. General Powers and Duties

6. The Receiver shall have the following general powers and duties:

   A. Immediately take custody, control and possession of the Property; to sue for and collect, recover, receive and take into possession from third parties the Property and records relevant thereto;

   B. Maintain and hold in his possession, custody and control -- for example, through his counsel's existing commercial account at a U.S.-based cryptocurrency exchange -- the Property, pending further order of this Court;

   C. Take such action as necessary and appropriate for the preservation of the Property or to prevent the dissipation or concealment of the Property;

D. Request permission from this Court to extend the receivership over any person or entity who received transfers of any cryptocurrencies, monies, proceeds or other items of value derived from the Property and to give the Receiver possession of such;

E. Choose, engage, and employ attorneys, accountants and other reasonable agents or professionals, as the Receiver deems advisable or necessary in the performance of his duties and responsibilities. The Receiver and his professionals shall be entitled to reasonable compensation from the assets now comprising the Property or ultimately secured by the Receiver. Said compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval of this Court;

F. Issue subpoenas to obtain documents pertaining to the receivership and conduct discovery in this action on behalf of the receivership estate. The Receiver is authorized to take expedited discovery from parties and non-parties. Parties shall produce documents, answer interrogatories and/or answer requests for admissions within seven (7) calendar days of service of the Receiver's discovery requests. Parties shall sit for deposition within seven (7) calendar days of the Receiver's notice. The Receiver is authorized to serve subpoenas on non-parties through electronic means (including electronic mail and/or facsimile transmission), U.S. Mail, Federal Express, other commercial overnight service, or personal service to expedite the requested discovery. Documents from non-parties shall be produced to the Receiver within three (3) calendar days of service of the subpoena. Non-parties shall sit for deposition within five (5) calendar days of the Receiver's notice;

G. Open and maintain one or more bank accounts or any other type of account (e.g., cryptocurrency account or wallet) as designated depositories for the Property, including using his counsel's existing commercial account at a U.S.-based cryptocurrency exchange. The Receiver shall deposit the Property in such designated accounts and shall make payments and disbursements from the receivership estate from such accounts;

H. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order;

I. Advise this Court should it be determined that additional powers are necessary to protect the Property under the circumstances; and

J. Take such other action as may be approved by this Court.

### IV. Access to Books, Records and Accounts

7. Any persons receiving notice of this Order by personal service, electronic mail, facsimile transmission, or otherwise, having possession of the Property are hereby directed to immediately deliver the same to the Receiver, his agents, his attorneys and/or his employees.

8. All banks, cryptocurrency exchanges, clearing firms, financial institutions, and other persons or entities which have possession, custody or control of any assets, cryptocurrencies, monies, funds, or accounts that comprise any portion of the Property that receive actual notice of this Order by personal service, electronic mail, facsimile transmission or otherwise shall:

   A. Not liquidate, transfer, sell, convey or otherwise transfer any assets, cryptocurrencies, monies, funds, and/or accounts comprising any portion of the Property, except upon instructions from the Receiver;

   B. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any assets, cryptocurrencies, monies, funds, and/or accounts to the Receiver's control without the permission of this Court; and

   C. Cooperate expeditiously in providing information and assets, cryptocurrencies, monies, funds, and/or accounts to the Receiver or at the direction of the Receiver.

### V. Cooperation with Receiver

9. All persons or entities served with a copy of this Order shall cooperate fully with and assist the Receiver in the performance of the Receiver's duties. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order. However, this requirement does not impinge on any person's right to assert applicable privileges.

### VI. Notice to Third Parties

10. The Receiver shall promptly give notice of his appointment as he deems necessary or advisable to effectuate the operation of his appointment.

### VII. Conflicts of Interest

11. The Receiver has a continuing duty to ensure that there are no conflicts of interest between himself and anyone asserting a claim of ownership in and to the Property.

### VIII. Limitations on Liability of Receiver and His Agents

12. Until further order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

13. The Receiver and all persons hired by Receiver are entitled to rely on all outstanding rules of law and Orders, and shall not be liable to anyone for their own good faith compliance with any Order, rule, law, judgment or decree.  In no event shall the Receiver or persons hired by Receiver be liable to anyone (1) with respect to the performance of their duties and responsibilities as Receiver or persons hired by Receiver, or (2) for any actions taken or omitted by them, except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.  Nothing in this provision is intended to provide a defense against liability for any actions taken prior to the appointment of the Receiver.

14. This Court shall retain jurisdiction over any action filed against the Receiver or his agents based upon acts or omissions committed in their representative capacities.

15. In the event the Receiver decides to resign, he shall first give written notice to Plaintiff's counsel of record and this Court of his intention, and the resignation shall not be effective until this Court appoints a successor Receiver or determines that a Receiver is no longer needed to serve.  The Receiver shall then follow such instructions as this Court may provide.

## IX. Recommendations and Reports

16.     The Receiver shall maintain written accounts, itemizing receipts and expenditures, describing properties held or managed, and naming the depositories of receivership funds; make such written accounts and supporting documentation available to interested parties for inspection, and, within one hundred twenty (120) calendar days of his appointment by the Court and every one hundred twenty (120) calendar days thereafter, file with this Court and serve on the parties a report summarizing efforts to marshal and collect assets, administer the receivership estate, and otherwise perform the duties mandated by this Order.

## X.  Fees, Expenses, and Accountings

17.     The Receiver need not obtain Court approval prior to the disbursement of the Property for expenses in the ordinary course of the administration and management of the Property.  Further, prior Court approval is not required for payments of applicable federal, state, or local taxes.

18.     The Receiver and all professionals he retains are entitled to compensation deemed to be reasonable and appropriate for their work.  The Receiver's standard hourly rate is currently $400-$500, and the Receiver is approved for an hourly rate of $400 in this matter.  The Receiver is authorized to file motions to employ professionals, such as attorneys and/or accountants, whose rates will be disclosed in same.

19.     The Receiver is hereby permitted to retain as his Special Litigation Counsel the law firm of Silver Miller, 4450 NW 126th Avenue - Suite 101, Coral Springs, FL 33065 ("Silver Miller").  Despite an entitlement to reasonable compensation for its services as Special Litigation Counsel to the Receiver, Silver Miller has advised the Court that -- in the name of maximizing the return, and value of the return, of the Property to its rightful owner(s) -- it has waived its right to compensation.

20. If they wish to be compensated, the Receiver and his professionals, such as attorneys and/or accountants, shall file a periodic fee application for payment of reasonable fees and reimbursement of actual incurred costs. The fee/cost applications shall be filed at a time that the Receiver deems appropriate in his discretion. The Receiver and his professionals shall include in the fee/cost applications their statements for services for the relevant months of work and shall serve same on counsel for parties in this action. Both the Receiver's and his professionals' statements shall contain itemized time entries with the daily hours spent on receivership matters.

21. The compensation of the Receiver and his professionals shall be entitled to priority as administrative expenses. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of this Court.

## XI. Service of This Order

22. Copies of this Order may be served by any means, including by way of personal service, Federal Express or other commercial overnight service, electronic mail, or facsimile transmission, upon any financial institution or any other entity or any other person that may have possession, custody, or control of any documents or assets comprising the Property or that may be subject to any provision of this Order. The Receiver and his agents are hereby specially appointed to serve process, and/or effectuate service of process, including this Order and all other papers in this cause.

## XII. Preservation of Rights and Privileges

23. Nothing in this Order shall be construed to require that any interested person or entity asserting a claim of ownership to the Property abandon or waive any constitutional or legal privilege which they may have available to them.

## XIII. No Bond

24. The Receiver is appointed without bond.

**XIV. Court Maintains Jurisdiction**

This Order shall remain in full force and effect during the pendency of this case, or until further Order of this Court, upon application, notice and an opportunity to be heard, and this Court retains jurisdiction of this matter for all purposes related to this action.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 16th day of November, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**